OPINION
The following appeal arises from the decision of the Mahoning County Court of Common Pleas wherein Daniel M. Staffrey, Sr. was sentenced on four first degree felony offenses. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
The events giving rise to this action culminated on September 29, 1995 when Daniel M. Staffrey, Sr. (appellant), broke into his ex-wife's (Diana Staffrey) home. He thereafter held her against her will for approximately three hours during which time he repeatedly physically, sexually and verbally assaulted her. During this time, appellant additionally made threats to kill Diana. It was only after a period of several hours that Diana was able to persuade appellant to let her go.
Appellant was eventually indicted on November 22, 1995 by the Mahoning County Grand Jury. The indictment proposed four separate counts as follows: rape in violation of R.C. 2907.02 (A) (2), a felony of the first degree; attempted aggravated murder in violation of R.C. 2923.02 (A) and 2903.01 (A), a felony of the first degree; kidnaping in violation of R.C. 2905.01 (A) (4), a felony of the first degree; and aggravated burglary in violation of 2911.11 (A) (3), a felony of the first degree. All four counts were accompanied by firearms specifications.
Appellant initially plead not guilty on all four counts. However, he subsequently withdrew his not guilty plea and entered a plea of not guilty by reason of insanity on all counts. Following an examination by a state appointed psychologist who found appellant competent to stand trial, appellant chose to enter into a plea agreement with the state. Pursuant to Crim.R. 11 (F), appellant executed a plea agreement on June 27, 1996 in regards to all of the charges. In return for appellant entering pleas of guilty on the four first degree felonies, the state agreed to recommend that the firearm specifications which accompanied all of the charges be dismissed. Furthermore, the state agreed to remain silent as to any recommendation to the court on sentencing.
The trial court held a sentencing hearing on November 26, 1996. At that time, the prosecution presented the victim of the crimes to offer her statement to the court. In an attempt to provide mitigating circumstances to the court regarding sentencing, appellant offered testimony from four witnesses on his behalf. Additionally, appellant, as well as his counsel, made statements to the court regarding the appropriate sentence in this case. Based upon the information obtained by the trial court at the sentencing hearing, a sentence of ten to twenty-five years was imposed on the counts of rape, kidnaping and aggravated burglary. Said terms of incarceration were ordered by the court to be served concurrently. Additionally, a five to twenty-five year sentence was imposed on the attempted aggravated murder count which was to be served consecutively with the ten to twenty-five year sentences. Appellant was given credit for four hundred thirty-two days of time already served up to the date of sentencing. It is from this sentencing entry that appellant filed a timely notice of appeal on December 11, 1996.
Appellant raises two assignments of error on appeal. In that appellant's second assignment of error determines what law applies to the case at bar, it will be addressed first by this court.
 II. ASSIGNMENT OF ERROR NUMBER TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HIM TO CONCURRENT INDEFINITE TERMS OF 10 TO 25 YEARS FOR ONE COUNT OF RAPE, ONE COUNT OF KIDNAPPING AND ONE COUNT OF AGGRAVATED BURGLARY [,] ALL AGGRAVATED FELONIES OF THE FIRST DEGREE, ALONG WITH A CONSECUTIVE INDEFINITE SENTENCE OF 5 TO 25 YEARS FOR ATTEMPTED AGGRAVATED MURDER, AN AGGRAVATED FELONY OF THE THIRD DEGREE, INSTEAD OF IMPOSING A DEFINITE SENTENCE PURSUANT TO THE RESTRUCTURED SENTENCING GUIDELINES ENCOMPASSED IN SENATE BILL 2 AND OHIO REVISED CODE 1.58 (B)."
Appellant argues under his second assignment of error that the trial court erred when it sentenced him pursuant to the preSenate Bill 2 law. It is asserted that since the actual sentencing hearing in this case did not occur until November 26, 1996, that the law as amended by Senate Bill 2 (S.B. 2) on July 1, 1996 should dictate the length of appellant's sentence.
 A. APPLICABLE LAW
The Ohio Supreme Court clarified the legislative intent in enacting S.B. 2 when it decided the case of State v.Rush (1998), 83 Ohio St.3d 53:
 "Based upon the foregoing, we hold that the phrase `notwithstanding division (B) of section 1.58 of the Revised Code,' contained in Section 5 of S.B. 2 as amended by Section 3 of S.B. 269, cannot be construed as an attempt to amend R.C. 1.58 (B). Because the General Assembly has expressly stated that the amended sentencing provisions of S.B. 2 are applicable only to those crimes committed on or after its effective date, R.C. 1.58 (B) is inapplicable. The amended sentencing provisions of S.B. 2 apply only to those crimes committed on or after July 1, 1996." Id. at 58.
This court adopted the position set forth in Rush
when it decided the case of State v. Jennings (August 27, 1998), Mahoning App. No. 98-C.A.-56, unreported.
B. ANALYSIS
It is undisputed that appellant committed the crimes at issue in the case sub judice on September 29, 1995. The fact that appellant was not formally sentenced until the trial court issued its judgment entry dated December 11, 1996 is of no consequence. As clearly set out in Rush,supra the amended sentencing provisions created by S.B. 2 are only applicable to those individuals who committed crimes after the July 1, 1996 effective date. Therefore, the trial court was correct when it applied the statutory sentencing provisions as they existed prior to the S.B. 2 amendments. Furthermore, the law as it exists subsequent to S.B. 2 has no applicability to this court's analysis of appellant's first assignment of error.
Appellant's second assignment of error is therefore without merit.
 III. ASSIGNMENT OF ERROR NUMBER ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED AS A MATTER OF LAW TO THE PREJUDICE OF THE APPELLANT, ABUSED ITS DISCRETION AND DENIED APPELLANT DUE PROCESS OF LAW IN SENTENCING THE APPELLANT HEREIN BY FAILING TO CONSIDER THE MANDATORY FACTORS AND THE STATUTORY GUIDELINES SET FORTH UNDER OHIO REVISED CODE 2929.12"
Under appellant's first assignment of error, it is argued that the sentence handed down by the trial court was unfair and prejudicial. Appellant argues that in light of the mitigating evidence provided through the testimony of witnesses at the sentencing hearing, the trial court abused its discretion by sentencing him to the maximum terms of incarceration on each count and by running two of the terms consecutively. Appellant mainly relies upon the testimony of Dr. Joseph Spera who conducted the psychological evaluation. In Dr. Spera's opinion, appellant was out of touch with reality at the time the offenses were committed. However in his opinion, with proper treatment appellant was not likely to commit further crimes nor should he be considered a dangerous person. In that appellant presented mitigating evidence, he is of the opinion that the trial court improperly imposed the maximum sentence on each of the counts. Had the trial court properly considered the mitigating evidence as well as the statutory sentencing criteria set forth in R.C.2929.12 (A), (B) and (C), appellant contends that a much lighter sentence would have resulted. Since the trial court did not indicate in its entry any factors which would warrant the maximum sentence on the four offenses, appellant argues that the trial court disregarded without suitable explanation the statutory requirements and thereby abused its discretion. It should be noted that while appellant brings the case of State v.Brooks (October 5, 1998), Stark App. No. 98-CA-41, unreported, to the court's attention as support for his position, such is not applicable to the case at bar as it deals with sentencing pursuant to S.B. 2 law.
 A. APPLICABLE LAW
The version of R.C. 2929.12 in effect at the time the offenses were committed in the case at bar identifies criteria a trial court shall consider in imposing sentence for a felony. R.C.2929.12 provides as follows:
 "(A) In determining the minimum terms of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed, the court shall consider the risk that the offender will commit another crime and the need for protecting the public from the risk; the nature and circumstances of the offense; the victim impact statement prepared pursuant to section 2947.051 of the Revised Code, if a victim impact statement is required by that section; any statement by the victim pursuant to section 2930.14 of the Revised Code; and the history, character, and condition of the offender and his need for correctional or rehabilitative treatment.
 (B) The following do not control the court's discretion, but shall be considered in favor of imposing a longer term of imprisonment for a felony for which an indefinite term of imprisonment is imposed:
 (1) The offender is a repeat or dangerous offender;
 (2) Regardless of whether the offender knew the age of the victim, the victim of the offense was sixty-five years of age or older, permanently and totally disabled, or less than eighteen years of age at the time of the commission of the offense;
 (3) The victim of the offense has suffered severe social, psychological, physical, or economic injury as a result of the offense.
 (C) The following do not control the court's discretion, but shall be considered in favor of imposing a shorter term of imprisonment or a felony for which an indefinite term of imprisonment is imposed:
 (1) The offense neither caused nor threatened serious physical harm to persons or property, or the offender did not contemplate that it would do so;
 (2) The offense was the result of circumstances unlikely to recur;
 (3) The victim of the offense induced or facilitated it;
 (4) There are substantial grounds tending to excuse or justify the offense, though failing to establish a defense,
 (5) The offender acted under strong provocation;
 (6) The offender has no history of prior delinquency or criminal activity, or has led a law-abiding life for a substantial time before commission of the present offense,
 (7) The offender is likely to respond quickly to correctional or rehabilitative treatment.
 (D) The criteria listed in divisions (B) and (C) of this section do not limit the matters that may be considered in determining the minimum term of imprisonment to be imposed for a felony for which an indefinite term of imprisonment is imposed."
While R.C. 2929.12 sets forth factors that a court must consider when imposing an indefinite term of imprisonment, some of which weigh in favor of either a longer or shorter minimum term of imprisonment, nothing in the statute or the decisions of the Ohio Supreme Court impose a duty on the trial court to specifically delineate its reasoning for arriving at a sentence.State v. Cyrus (1992), 63 Ohio St.3d 164, 166. On the contrary, the court has specifically held that a trial court need not indicate its reasoning in its final decision. "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12" Id. citingState v. Adams (1988), 37 Ohio St.3d 295, 297. This presumption may be overcome, however, the burden lies on the defendant to point to evidence which indicates that the trial court obviously failed to consider the sentencing criteria.Id.
When reviewing alleged errors regarding sentencing at the trial court level, appellate courts must remain conscious of the fact that a trial court has broad discretion in matters of sentencing.Toledo v. Reasonover (1965), 5 Ohio St.2d 22, paragraph one of the syllabus. As such, a sentence imposed by a trial court will not be disturbed on review absent a showing of an abuse of discretion. State v. Lazada (1995),107 Ohio App.3d 189, 193. An abuse of discretion occurs when a trial court's actions can be viewed as arbitrary, unconscionable or unreasonable in nature. State v. Adams (1980),62 Ohio St.2d 151, 157. Generally, a trial court will not be viewed as having abused its discretion in sentencing if the sentence is authorized by statute and is within statutory limits. Statev. Smith (June 13, 1996), Columbiana App. No. 93-C-69, unreported citing State v. Hill (1994),70 Ohio St.3d 25, 29.
 B. ANALYSIS
A review of the trial court's sentencing entry in conjunction with the record of the sentencing hearing reveals that the trial court did not abuse its discretion as related to the sentencing of appellant. The case at bar is not one in which the trial court was silent as to the factors listed in R.C. 2929.12. On the contrary, the trial court judge specifically made reference to said factors in her sentencing entry and during the course of the sentencing hearing. The court's December 11, 1996 sentencing entry states in relevant part:
 "Prior to imposing sentence, the Court afforded defense counsel the opportunity to speak on behalf of the Defendant and then asked the Defendant if he desired to make a statement on his own behalf or present any information in mitigation in accordance with Criminal Rule 32 (A) (1). The victim, Diane Staffrey Spoke. (sic)
 In mitigation, Attorney Wise on behalf of Defendant presented four witnesses. Following the presentation of the witnesses, Attorney Wise spoke as did the Defendant.
 After considering all the sentencing criteria, the Court proceeded to sentence the defendant * * * as follows: * * *" (Emphasis added).
The court further noted at page two of its sentencing entry that the sentence issued by the court was within the guidelines set out in the plea form which were within statutory limits.
Additional support is gained for the trial court's decision by referencing the trial court's remarks prior to sentencing appellant. (Sentencing Tr. 42-44). Through these remarks, the trial court reviews the nature and circumstances of the crime which have a direct bearing on the factors listed in R.C. 2929.12
(A); (B) (1), (3); and (C) (1), (2). The trial court states in relevant part:
 "I think this is one of the most difficult cases that I have had since I have been a Judge. I understand during the numerous pretrials that we had that this was certainly a crime against family. I also understood that Mr. Staffrey chose to plead guilty rather than subject Mrs. Staffrey to a trial, and to spare the children and the family members that are all here today. I also understand that it's a crime that affects just the family. I have listened intently to the statements by the witnesses, and they're probably all correct, if Mr. Staffrey were able to walk out of here today, he would not harm a stranger. That doesn't safeguard Mrs. Staffrey though. The behavior that Mr. Staffrey exhibited was barbaric. Rape; attempted aggravated murder; kidnaping, aggravated burglary. It's barbaric that a family can fall apart like that and somebody in the family gets this far along without seeking help. * * * This is a difficult case, because you're ruined, your wife is ruined and worse, a whole generation is ruined by your activities. Mr. Staffrey I can no longer allow you to be a threat to Mrs. Staffrey." (Tr. 43-44)
It should be noted, that this court upheld a trial court's imposition of sentence under similar circumstances when it decided State v. Hoffman (July 24, 1996), Mahoning App. No. 94-CA-231, unreported.
While appellant argues that evidence adduced at hearing indicated the trial court failed to consider the sentencing criteria, such is not the case. Of the four witnesses called by appellant, two testified briefly as to appellant's character. One testified that appellant was a model prisoner while the other testified that appellant was well respected in the business community. Neither of these positions have any relevance on the factors contained in R.C. 2929.12.
Of the remaining witnesses, Dr. Joseph Spera provided the majority of the testimony. Dr. Spera had evaluated appellant on one single occasion following the commission of the crimes at issue. It was Dr. Spera's opinion based upon this single evaluation that appellant was out of touch with reality on the date in question. Furthermore, it was felt that appellant exhibited no signs of dangerousness at the time the evaluation was conducted. It was opined that appellant's condition was quite treatable and that he was not likely to engage in criminal acts in the future.
However, Dr. Spera's opinion was for the most part discredited during cross-examination when the following was elicited:
 "Q. Your testimony here is that at the time that you assessed him on December 8, 1995 he showed no signs of dangerousness, is that correct.
A. That is correct.
 Q. And you testified that he would be unlikely to engage in a criminal act?
A. That is correct.
* * *
 Q. Are you aware that one day later, December 9, 1995, he was arrested and subsequently convicted of a domestic violence, a criminal act in Boardman, Ohio?
 A. I wasn't aware of that until just recently." (Tr. 24-25).
It was this occurrence the day after Dr. Spera evaluated appellant which lead to the revocation of bond out of concern over the well-being of Mrs. Staffrey. Later attempts by appellant to have bond reinstated were declined.
As previously stated, the trial court's judgment entry as well as the record of the sentencing hearing establish that the court was not silent as related to the statutory sentencing criteria contained in R.C. 2929.12. Rather, the record in the case sub judice affirmatively demonstrates that the factors were considered but were found to be unsupported by the evidence cited to by appellant in mitigation of his potential sentence. Hence, appellant was unsuccessful in carrying his burden of establishing that the trial court failed to consider the requisite statutory sentencing criteria. Cyrus, supra. As noted by the trial court in its entry, the sentence imposed by the court was within the statutory limits for each offense. While the penalty may be viewed as harsh by appellant, it is nonetheless supported by law. Accordingly, this court cannot conclude that the trial court's decision was so arbitrary or unreasonable as to connote an abuse of discretion. Therefore, appellant's first assignment of error is also determined to lack merit.
For the foregoing reasons, the decision of the trial court is affirmed.
Cox, P.J., concurs.
Donofrio, J., concurs.
 APPROVED: _________________________ JOSEPH J. VUKOVICH, JUDGE