The STATE OF OHIO, APPELLANT, *v.* CYRUS, APPELLEE.

[Cite as *State v. Cyrus* (1992), 63 Ohio St.3d 164.]

(No. 91–357—Submitted January 14, 1992—Decided March 11, 1992.)

*Rocky A. Coss*, Prosecuting Attorney, for appellant.

*Jeffrey Jon Lyle*, for appellee.

HERBERT R. BROWN, J.  This case presents two issues for our consideration: first, whether Crim.R. 32.2 requires a presentence investigation before a defendant convicted of a felony is sentenced; and second, what must appear in the record to reflect that the trial court considered the sentencing guidelines of R.C. 2929.12.  For the reasons that follow, we reverse the court of appeals.

## I

As to the first issue, appellee argues that in a felony case, a presentence report is mandatory.  The appellate court agreed, stating: "Crim.R. 32.2

provides that a pre-sentence investigation be done prior to the court imposing 'sentence on a convicted de-fendant [*sic*].'" The appellate court misreads Crim.R. 32.2. That rule in relevant part states: "(A) * * * In felony cases the court shall * * * order a presentence investigation and report *before granting probation.*" (Emphasis added.) If probation is not at issue, the rule does not apply. In this case, because one of his convictions was for rape, appellee is not even eligible for probation. See R.C. 2951.02(F)(4). Thus the failure of the trial court to order a presentence investigation was not error.

## II

Appellee has characterized the trial court's post-sentence statement regarding the sentencing criteria of R.C. 2929.12 as an afterthought. Appellee argues that the record does not support the conclusion that the trial court considered these criteria before imposing sentence.

This court has held that: "A silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12." *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus; accord *State v. O'Dell* (1989), 45 Ohio St.3d 140, 147, 543 N.E.2d 1220, 1227. Nothing in the statute or the decisions of this court imposes any duty on the trial court to set forth its reasoning. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. Here, the defendant did not do so. Since such a statement is not required, its timing is irrelevant.

We do not suggest that the preferred practice is to pass sentence without a statement that the sentencing criteria were followed or that a statement, if made, should not be entered in the record prior to imposition of sentence. However, a post-sentencing statement that the sentencing criteria were followed is surely not a greater indication of criteria violation than the silent-record presumption approved in *State v. Adams, supra.* Since a defendant must rebut the presumption that the sentencing criteria were followed where the record is silent, it follows that the defendant in the case before us should be required to challenge the *content* (rather than the timing) of the trial court's statement.

We reverse the judgment of the court of appeals with respect to appellee's sentence and reinstate the sentence of the trial court.

*Judgment reversed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and RESNICK, JJ., concur.