The defendant Clarence Gray pleaded guilty to one count of gross sexual imposition. The court sentenced defendant to one and one-half years in prison and found defendant to be a sexual predator pursuant to the sexual predator law, R.C. 2950.09(B)(2). In this appeal, defendant raises issues relating to the constitutionality of the sexual predator law, the evidence used to find him a sexual predator and the court's decision to impose the maximum sentence for gross sexual imposition.
 I
In his first assignment of error, defendant complains the court found him to be a sexual predator without the presentation of any evidence. Defendant claims the absence of sworn testimony at a sexual predator hearing violates his right to due process.
A person who is convicted of or pleads guilty to a sexually oriented offense may be classified as a sexual predator in accordance with R.C. 2950.09. R.C. 2950.09(B)(1) provides that the court must conduct a hearing on an offender's status as a sexual predator at which both the state and defendant have the opportunity to testify, present evidence and witness testimony, and cross-examine witnesses. R.C. 2950.09(B)(3) states:
 After reviewing all testimony and evidence presented at the hearing conducted under division (B) (1) of this section and the factors specified in division (B) (2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. * * * If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * * "
The factors the court must consider when making a sexual predator determination are set forth in R.C. 2950.09(B)(2):
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
A sexual predator determination hearing is not the equivalent of a trial. In State v. Cook (1988), 83 Ohio St.3d 404, 425, the Supreme Court stated that the Rules of Evidence do not apply to sexual predator determination hearings because "the determination hearing is intended to determine the offender's status, not to determine the guilt or innocence of the offender." For example, the Cook court upheld a sexual predator determination based upon the contents of a presentence report, prior criminal history, and representations from counsel. The statute does provide both the state and defense with the opportunity to present sworn testimony and cross-examine witnesses under oath, but sworn testimony is just one avenue for demonstrating that an offender may or may not be a sexual predator. See State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported. Accordingly, we reject defendant's argument that a sexual predator determination may only be made upon sworn testimony and cross-examination. The first assignment of error is overruled.
 II
The second assignment of error complains the court erred by making the sexual predator determination based upon its personal recollection of allegations made in defendant's criminal case. During the sexual predator hearing, the court made reference to the victim's age and her version of how defendant entered her bedroom, told her to take her clothes off under threat of death. Defendant argues that his guilty plea necessarily meant that no facts had been determined about the gross sexual imposition charge, so the court's recitation of facts necessarily meant that it had to use its own recollection of facts not shown in the record.
We find nothing in the record to suggest the court used its own personal recollection of the facts when determining defendant to be a sexual predator. The record, fairly read, suggests the court had been referring to a presentence report when it mentioned the facts which defendant claims were brought out by the court's recollection. At the start of the hearing, the court told defendant that it had in its possession a presentence report, and that defense counsel had seen the presentence report. When the court asked defendant if he anything to say prior to being sentenced, defendant told the court "I was only trying to keep [the victim] out of trouble and brought her to my home to raise her. That's the only thing I was trying to do for her, is to help her." At that point, the court reminded defendant:
 The allegation is that back in August of 1996, you had sexual contact with the victim, who was 13 at the time. According to this, you went into the victims bedroom, told her to take her clothes off. She refused, and you threatened to kill her, according to this, if she didn't remove her clothes. The victim took her clothes off, and you proceeded to have sexual intercourse with her. That's the allegation."
In point of fact, the court later asked defense counsel if he wished to say anything else "that's not included in the presentence report?" Clearly, the court had been referring to facts contained in the presentence — not facts gleaned from its own recollection. The second assignment of error is overruled.
 III
The third assignment of error complains that the sexual predator law, effective July 1, 1997, is unconstitutional as being a retroactive law. We summarily reject this assignment on authority of paragraph one of the syllabus to State v. Cook (1998), 83 Ohio St.3d 404.
 IV
In his fourth assignment of error, defendant complains that he was denied due process of law because his indictment did not contain an allegation or claim that he was a sexual predator. He claims that absent notice by way of pleading or indictment, he cannot be held to answer to any charge that he is a sexual predator.
The flaw in defendant's argument is that he likens the sexual predator determination to either a charge or a kind of specification that requires proof beyond a reasonable doubt. This is simply not the case. Both a charge and a specification are substantive allegations of criminal wrongdoing. The substantive nature of a charge is obvious, and Crim.R. 7 requires that all felony charges be set forth in an indictment in order to provide notice to the offender. Likewise, specifications are typically used to enhance either the penalty for an offense (for example, a violence specification) or to impose a separate penalty (for example, a gun specification), and they, too, are substantive and must be contained in the indictment.
A sexual predator determination is not like a charge or specification because it is remedial, not punitive in nature. In Cook, the Supreme Court held that a sexual predator determination is a remedial determination designed to assist law enforcement officials "to remain vigilant against possible recidivism by offenders." 83 Ohio St.3d at 417. Because the sexual predator law is remedial, it cannot comprise a substantive element of the charged sex offense, and defendant was not entitled to notice in the indictment that he might be determined to be a sexual predator. The fourth assignment of error is overruled.
 V
The fifth assignment of error complains the court found defendant to be a sexual predator without considering the statutory criteria set forth in R.C. 2950.09(B)(2).
A sexual predator is defined in R.C. 2950.01(E) as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." When determining whether a person is a sexual predator, the court must consider all relevant factors, including those listed in R.C. 2950.09(2) (2). "The statute does not require the court to list the criteria, but only to `consider all relevant factors, including' the criteria in R.C. 2950.09(B)(2) in making his or her findings." Cook, 83 Ohio St.3d at 426. The court must make a determination that an offender is a sexual predator by clear and convincing evidence. "Clear and convincing evidence" is "that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469,477.
During sentencing, the court's sole statement concerning the sexual predator determination follows:
 Over the objection of the defense counsel, I'm going to categorize you as a sexual predator, pursuant to R.C. 2950.09, and reflect the date of birth of the victim, that being December 14, 1982. She was thirteen years of age at the time of this incident.
The transcript of the hearing also shows several relevant factors listed in R.C. 2950.09(B)(2) — defendant's age (55 years old at the time of sentencing), his past criminal history (two prior convictions for carrying a concealed weapon), the age of the victim (thirteen years old at the time of the offense), and defendant's relationship with the victim (he apparently had some position of authority over the victim whom he had supposedly "brought * * * to my home to raise her.").
Despite these factors appearing in the record, we cannot say on the facts of this case that the court had clear and convincing evidence showing defendant is "likely to engage in the future in one or more sexually oriented offenses" merely because of the victim's age. Although the court had information concerning several factors listed in R.C. 2950.09(B)(2), the court's remarks show without any doubt that it considered only the victim's age as bearing on the likelihood that defendant would in the future commit a sexually oriented offense. The facts of this case do not suggest by clear and convincing evidence that defendant's single sexually oriented offense shows a likelihood that he will commit another sexually oriented offense in the future. See State v. Ward, supra. Accordingly, we sustain the fifth assignment of error and vacate the sexual predator determination.
 VI
The sixth assignment of error complains the court erred by sentencing defendant to the maximum term of imprisonment without stating its reasons for imposing the maximum sentence.
The two overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender. See R.C.2929.11. The trial court has broad discretion to determine the most effective way to uphold these objectives and is guided in its discretion by subsections (B), (C), (D) and (E) of R.C.2929.12, which enumerate factors the court should consider when judging the seriousness of the conduct constituting the offense and the likelihood of the offender's recidivism. We have authority under R.C. 2953.08(G)(1)(a) to increase, reduce, or otherwise modify a sentence if we find by clear and convincing evidence that the record does not support the sentence imposed.
R.C. 2929.19(2)(2)(d) states that the court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence if the sentence is for one offense and the court imposes the maximum term allowed for the offense. Usually, when a record is silent on sentencing factors we presume the court considered all relevant factors. See State v. Cyrus (1992),63 Ohio St.3d 164, 166. However, when the court imposes a maximum term of imprisonment we cannot employ the usual presumption — the court must state its reasons for imposing the maximum sentence. See State v. Banks (Nov. 20, 1997), Cuyahoga App. No. 72121, unreported; State v. Mikol (Apr. 9, 1998), Cuyahoga App. No. 72447, unreported.
R.C. 2929.14(C) creates a presumption against the maximum term of imprisonment:
 (C) * * * [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *.
The court did not state its reasons for imposing the maximum term of imprisonment, and its decision to do so cannot be justified in the record. The court referred to a presentence report that indicated defendant held the victim at gunpoint and ordered her to disrobe or he would kill her. Defendant's past history of carrying concealed weapons, the sexual nature of the offense, the age of the victim, the threat of physical harm, and the use of deadly weapon are all factors present under R.C.2929.13(B)(2).
Nevertheless, we find the court did not, and could not find that the offender committed the worst form of the offense or posed the greatest likelihood of commiting future crimes. At sentencing, the trial judge told defendant that "I'm going to tell you in advance that I will consider a shock request." It would be inconsistent for the judge to say on the one hand that defendant committed the worst form of offense yet on the other hand say that he would grant a motion for shock probation that would effectively grant defendant an early release from that maximum term. Given these unique circumstances, we have no choice but to vacate the sentence and remand for resentencing. The sixth assignment of error is sustained.
Judgment affirmed in part, reversed in part and remanded.
This cause is affirmed in part, reversed in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. CONCURS.
 TERRENCE O'DONNELL. J., DISSENTS. SEE DISSENTING OPINION ATTACHED.
 ____________________________________ JUDGE JOHN T. PATTON
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (1).