OPINION
Defendant-Appellant Ruth A. Bowie appeals the December 3, 1998 Judgment Entry of the Delaware County Court of Common Pleas which found her guilty of one count of vehicular homicide and sentenced her accordingly. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF FACTS AND CASE
This matter arises out of the August 14, 1998 car collision which resulted in the death of Aaron Johnston. On September 22, 1998, appellant was charged in Delaware County with vehicular homicide, in violation of R.C. 2903.07(A); driving left of center, in violation of R.C. 4511.25; and failure to control, in violation of R.C. 4511.202. At her September 30, 1998 arraignment, appellant entered a plea of not guilty to all charges. On December 3, 1998, appellant waived her right to jury trial and entered a plea of no contest to vehicular homicide, a first degree misdemeanor. The trial court found appellant guilty of vehicular homicide, and dismissed the remaining charges. Appellant then moved for a pre-sentence investigation. The trial court overruled the motion and proceeded directly to sentencing. The trial court sentenced appellant to the maximum term provided by law — 180 days in jail, $1000.00 fine plus court costs, and a three year suspension of her operator's license effective December 3, 1998. This decision was memorialized in a December 3, 1998 Judgment Entry. On the same day, the trial court modified its original sentence to permit appellant to serve the jail time on electronically monitored house arrest. It is from the December 3, 1998, Judgment Entry appellant prosecutes this appeal assigning as error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT AND EXCEEDED ITS AUTHORITY BY IMPOSING MAXIMUM IMPRISONMENT WITHOUT FIRST DETERMINING THAT ANY OF THE PROVISIONS OF OHIO REVISED CODE 2929.22 AND 2929.12 WERE APPLICABLE AND WITHOUT ORDERING A PRE-SENTENCE INVESTIGATION REPORT PRIOR TO SENTENCING.
In her sole assignment of error, appellant argues her sentence was excessive in light of the guidelines enumerated in R.C. 2929.22
and 2929.12, and the trial court erred in not ordering a pre-sentence investigation. When reviewing a trial court's sentence, our standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. Blakemore v. Blakemore (1983) 5 Ohio St.3d 217. Appellant contends the record is silent as to whether the trial court considered appellant's character and background together with the other factors enumerated in R.C. 2929.12. A silent record raises the presumption the trial court considered the factors contained in R.C. 2929.12. State v. Cyrus (1992), 63 Ohio St.3d 164,166. There is no duty imposed upon the court by the statute to set forth its reasoning for its sentence. Id. The burden is on the defendant to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. Id. In the matter sub judice, appellant was charged with and pled no contest to vehicular homicide, a first degree misdemeanor. First degree misdemeanors are punishable by up to 180 days in jail and/or a $1,000 fine. The trial court sentenced appellant to the maximum sentence delineated in R.C. 2929.21(B) (1) and (C) (1). The court's actions fell within the statutory sentencing parameters. We find no abuse of discretion occurred with respect thereto. City of Toledo v. Reasonover (1965), 5 Ohio St.2d 22,24. Similarly, the decision not to order a pre-sentence investigation in misdemeanor cases is left to the trial court's discretion. Criminal Rule 32.2 states, in pertinent part:
 (A) In felony cases the Court shall, and in misdemeanor cases may, order a pre-sentence investigation report before granting probation.
(Emphasis added).
The trial court has no affirmative duty to order a pre-sentence investigation. We conclude the trial court did not abuse its discretion in denying appellant's request for a pre-sentence investigation. Appellant's sole assignment of error is overruled.
The judgment of the Delaware County Municipal Court is affirmed.
By: Hoffman, J. W. Scott Gwin, P.J. Wise, J. concur