OPINION
Defendant-appellant, Antonio Gomez, appeals the sentence imposed on him by the Mahoning County Court of Common Pleas after he pled guilty to one charge each of involuntary manslaughter and felonious assault.
Appellant was indicted on one count of aggravated murder for causing the death of Tammy Umberger. Pursuant to a Crim.R. 11 agreement, appellant's charge was reduced to involuntary manslaughter, a violation of R.C. 2903.04 (A) (C) and a felony of the first degree, to which he pled guilty. Appellant also pled guilty to a charge of felonious assault, a violation of R.C.2903.11 (A) (1) and a felony of the second degree, stemming from a related event.
According to R.C. 2929.14 (A) (1) (2), a first degree felony carries with it a possible prison term of three, four, five, six, seven, eight, nine, or ten years and a second degree felony carries with it a possible prison sentence of two, three, four, five, six, seven, or eight years.
At appellant's sentencing hearing on January 8, 1999, plaintiff-appellee, the State of Ohio, made a recommendation of a prison term of ten years for involuntary manslaughter and of four years for felonious assault to run consecutively. The trial court subsequently sentenced appellant to a prison term of ten years for involuntary manslaughter and six years for felonious assault, to run consecutively. Appellant objected to the sentence arguing that he should have received the fourteen year sentence recommended by appellee.
Appellant filed his notice of appeal on January 8, 1999.
Appellant's sole assignment of error states:
 "THE COURT BELOW ERRED IN FAILING TO CONSIDER THE STATUTORY CRITERIA OF OHIO REVISED CODE 2929.12 OR 2929.11
OR ANY OTHER SENTENCING SECTIONS OF THE OHIO REVISED CODE WHEN IT SENTENCED THE DEFENDANT-APPELLANT."
Appellant argues that there is no evidence in the transcript that the trial court considered the sentencing factors set out in R.C. 2929.11 and R.C. 2929.12. Therefore, he alleges the fact that the transcript is silent rebuts any presumption that the trial court considered the sentencing factors.
In response, appellee cites to the case of State v. Cyrus (1992), 63 Ohio St.3d 164, 166, which held that there is no duty on the trial court to set forth its reasoning regarding the sentencing criteria. Appellee also cites Cyrus for the proposition that a silent record raises the presumption that the trial court considered the sentencing factors. Id. As we have noted previously, the Ohio General Assembly effected a comprehensive restructuring of Ohio's felony sentencing law with the passage of Am.Sub.S.B. No. 2 in 1995. See State v. Pickford (Feb. 22, 1999), Jefferson App. No. 97-JE-21, unreported, 1999 WL 126931. Therefore, since Cyrus was decided in 1992, it has limited application. Various provisions of the new felony sentencing law requires consideration of certain factors and findings made on the record.
Although appellant has failed to specifically set forth grounds for an appeal of his sentence, the essence of his argument is that his sentence is contrary to law. See R.C. 2953.08 (A) (4)
R.C. 2953.08 (G) (1) provides that an appellate court hearing an appeal of a felony sentence may modify the sentence or vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
 "(a) That the record does not support the sentence;
"* * *
 "(d) That the sentence is otherwise contrary to law."
Clear and convincing evidence has been defined by the Ohio Supreme Court in Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus, as:
 "[T]hat measure or degree of proof which is more than a mere "preponderance of the evidence,' but not to the extent of such certainty as is required "beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of fact, s a firm belief or conviction as to the facts sought to be established."
The court, in imposing a sentence upon an offender for a felony, may impose the longest prison term authorized only upon offenders who, among other things, have the greatest likelihood of committing future crimes. See R.C. 2929.14 (C). Also, a court must impose the shortest prison term authorized if the offender has never served a prison sentence absent a finding that the shortest prison term would demean the seriousness of offender's conduct or would not adequately protect the public. See R.C.2929.14 (B).
In the case at bar, the trial court instructed appellant, prior to accepting his guilty plea, that it was not required to abide by the prosecutor's recommendation of fourteen years total of incarceration. The trial court ordered a presentence investigation to aid in sentencing. At the sentencing hearing, the trial court acknowledged all of appellant's prior convictions and sentences including three years of confinement for attempted second degree murder, ten days for disorderly conduct, probation for attempted drug abuse, probation for aggravated menacing, community service for having weapons while intoxicated, and six months for driving under the influence.
Given appellant's criminal record, he poses a great likelihood of committing future crimes. Furthermore, appellant is not entitled to the shortest prison term because he has previously served a prison term. The trial court stated, in its judgment entry:
 "The Court has considered the record, statements of counsel and the defendant, as well as the principles and purposes of sentencing under Ohio Revised Code 2929.11, and has balanced the seriousness and recidivism factors under Ohio Revised Code Section 2929.12.
"* * *
 "The Court finds pursuant to R.C. 2929.14 (B) that the shortest prison term possible will demean the seriousness of the offenses and will not adequately protect the public, and therefore imposes a greater term."
The trial court demonstrated that it considered the statutory factors. Appellant has not presented any evidence to the contrary. It is for these reasons that appellant's sole assignment of error is without merit.
Accordingly, the judgment of the trial court is hereby affirmed.
Cox, J., concurs, Waite, J., concurs.
 __________________________ GENE DONOFRIO