JOURNAL ENTRY and OPINION
This case is before the court on appeal from the sentence imposed upon appellant following his convictions for (1) possession of cocaine with a major drug offender specification, (2) failure to comply with an order or signal of a police officer, and (3) possession of criminal tools. Appellant argues:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING AN ADDITIONAL PRISON TERM OF TEN YEARS ON THE MAJOR DRUG OFFENDER SPECIFICATION UNDER R.C. 2925.11(C)(4)(f) WHEN THE COURT FAILED TO MAKE STATUTORILY REQUIRED FINDINGS OF RECORD IN VIOLATION OF R.C. 2929.14(D)(3)(b). AS SUCH THE SENTENCE IS CONTRARY TO LAW.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPOSING CONSECUTIVE SENTENCES UPON APPELLANT ON EACH OF THREE FELONIES WHERE THE COURT FAILED TO MAKE STATUTORILY REQUIRED FINDINGS OF RECORD IN VIOLATION OF R.C. 2929.14(E) AND 2929.19(B)(2)(c). AS SUCH THE SENTENCE IS CONTRARY TO LAW.
 III. THE SENTENCING COURT ABUSED ITS DISCRETION BY IMPOSING A DISPROPORTIONATE, ILLEGAL AND OTHERWISE UNJUST SENTENCE. AS SUCH, THE SENTENCE IS CONTRARY TO LAW.
For the following reasons, we find portions of the sentence imposed upon appellant were contrary to law. Therefore, we reverse the court's imposition of an additional ten year's imprisonment on the major drug offender specification on count one, vacate the sentences imposed on counts two and three, and remand for resentencing on those counts.
 FACTS AND PROCEDURE
Appellant was charged in a three-count indictment filed March 30, 2000. He was charged with possession of cocaine in an amount exceeding one thousand grams, in violation of R.C. 2925.11, with a specification that he was a major drug offender; operating a motor vehicle so as to willfully elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop, in violation of R.C. 2921.331, immediately after the commission of a felony; and possession of criminal tools, specifically, a 1993 Chevrolet Tahoe, in violation of R.C. 2923.24.
The case proceeded to a jury trial on July 31, 2000. The jury found appellant guilty of all charges, and the court immediately sentenced appellant without ordering a presentence investigation and report. In imposing sentence, the court stated:
 THE COURT: MR. BRADLEY [defense counsel], THIS COURT YOU ARE AWARE, WAS VERY COGNIZANT THAT DURING THE DEVELOPMENT OF THIS TRIAL THAT THIS COURT WAS UNDER THE IMPRESSION THAT MR. STOCKWELL ATTEMPTED TO MANIPULATE THESE PROCEEDINGS IN TERMS OF CONVERSATIONS THAT HE'S HAD AND GUIDANCE THAT HE PROVIDED TO MR. JONES [a witness]. THE INFERENCES ARE VERY STRONG THAT HE ATTEMPTED TO UNDERMINE THE DIGNITY OF THESE PROCEEDINGS, AND THIS COURT THINKS THAT IS A SERIOUS VIOLATION.
 IT DOES NOT INDICATE SOMEONE WHO IS REMORSEFUL FOR THEIR CONDUCT. IT DOES NOT INDICATE ANYONE WHO IS CONSIDERATE OF THESE PROCEEDINGS. BUT IT INDICATES SOMEONE WHO HAS ABSOLUTE CONTEMPT FOR THE LAW AND CONTEMPT FOR THESE PROCEEDINGS.
 I HAVE THE UTMOST RESPECT FOR YOU. I THINK YOU'RE ONE OF CLEVELAND'S FINEST TRIAL LAWYERS. BUT YOUR CLIENT CAME INTO THIS COURT AND ATTEMPTED TO UNDERMINE THE VERY DIGNITY OF THESE PROCEEDINGS, BY WITNESS TAMPERING, AT THE LEAST. AND THE INDICATIONS AND INFERENCES ARE EXTREMELY STRONG THAT HE ENGAGED IN THAT. AND ALL HE HAD TO DO, IF WHAT YOU SAID IS TRUE, IS LET THIS CASE PROCEED AND ALLOW THE JURY TO MAKE A FAIR AND IMPARTIAL DETERMINATION. BUT HE DIDN'T CHOOSE TO DO THAT. I THINK WHAT HE DID MAKES THIS ONE OF THE MOST SERIOUS KINDS OF CASES THAT WE'VE EVER HAD. YOU CAN'T HAVE PEOPLE DOING THAT.
 THE SENTENCE OF THE COURT ON COUNT ONE IS 10 YEARS IN LORAIN CORRECTIONAL INSTITUTION. THE SPECIFICATION WILL BE 10 YEARS. THAT WILL BE CONSECUTIVE.
 ON COUNT TWO, THE FAILURE TO COMPLY, ITS A FELONY FOUR, MR. GALLAGHER [the prosecutor]?
MR. GALLAGHER: YES, IT IS.
 THE COURT: THE SENTENCE OF THE COURT WILL BE 12 MONTHS. IT WILL BE CONSECUTIVE TO ANY SENTENCE THAT HE PRESENTLY SERVED. [SIC] * * * OKAY. COUNT THREE IS A FELONY OF THE FIFTH DEGREE?
MR. GALLAGHER: CORRECT.
 THE COURT: IT WILL BE 12 MONTHS AT THE LORAIN CORRECTIONAL INSTITUTION. IT WILL BE CONSECUTIVE TO ANY SENTENCE THAT HE WOULD BE SERVING.
* * *
The sentencing order entered August 17, 2000 states, in pertinent part:
* * *
 The court considered all required factors of the law.
 The court finds, based upon a consideration of factors, that prison is consistent with the purposes of R.C. 2929.11.
 The court imposes a prison term at Lorain Correctional Institution of 10 years for the specification in count one, to run consecutive to 10 years on base charge in count one, one year on each of counts two and three, counts to run consecutive to each other for a total of 22 years. The sentence includes any extensions provided by law.
Defendant is to pay court costs.
Appellant has timely appealed.
 LAW AND ANALYSIS
I. Additional Term on Major Drug Offender Specification.
In his first assignment of error, appellant claims the trial court erred by sentencing him to an additional ten years' imprisonment on the major drug offender specification in count one. Appellant may appeal this part of his sentence as of right. R.C. 2953.08(A)(6).
R.C. 2925.11(C)(4)(f) provides that when a drug possession offense involves one thousand grams of cocaine or more, the offense is a first degree felony and the offender is a major drug offender. The court is required to impose, as a mandatory prison term, the maximum sentence for a first degree felony and may impose an additional mandatory prison term prescribed for a major drug offender under division (D)(3)(b) of section2929.14 of the Revised Code.
R.C. 2929.14(D)(3) provides, in pertinent part:
 (a) *** if the offender commits a violation of section 2925.03 or 2925.11 of the Revised Code and that section classifies the offender as a major drug offender and requires the imposition of a ten-year prison term on the offender, *** the court shall impose upon the offender for the felony violation a ten-year prison term that cannot be reduced pursuant to section 2929.20 or Chapter 2967. or 5120. of the Revised Code.
 (b) The court imposing a prison term on an offender under division (D)(3)(a) of this section may impose an additional prison term of one, two, three, four, five, six, seven, eight, nine, or ten years, if the court, with respect to the term imposed under division (D)(3)(a) of this section *** makes both of the findings set forth in division (D)(2)(b)(i) and (ii).
The findings set forth in division (D)(2)(b)(i) and (ii) are:
 (i) The [prison] terms so imposed [for the offense and other specifications] are inadequate to punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a greater likelihood of recidivism outweigh the applicable factors under that section indicating a lesser likelihood of recidivism.
 (ii) The terms so imposed are demeaning to the seriousness of the offense, because one or more of the factors under section 2929.12 of the Revised Code indicating that the offender's conduct is more serious than conduct normally constituting the offense are present and they outweigh the applicable factors under that section indicating that the offender's conduct is less serious than conduct normally constituting the offense.
Appellant contends that the additional ten-year term imposed upon him for the major drug offender specification was contrary to law because the court made neither of these findings. In contrast to the statutes discussed in State v. Edmonson (1999), 86 Ohio St.3d 324,[1] R.C.2929.14(D)(3)(b) does not require that the court make the specified findings on the record or at the sentencing hearing. Of course, it is good practice for the court to make its findings expressly at the sentencing hearing or in the sentencing order, but the statute does not mandate a record of these findings. Absent a record, we will presume that the court made the findings necessary to support its decision; we need not remand for express findings. See, e.g., State v. Cyrus (1992),63 Ohio St.3d 164, 166.[2]
In this case, however, the evidence in the record does not support both of the findings needed to justify the additional term of imprisonment imposed upon the appellant. The court expressly found that appellant tampered with a witness, and this tampering demonstrated that he was not remorseful for his conduct. Lack of remorse is one factor demonstrating a likelihood of recidivism. R.C. 2929.12(D)(5). This finding, if supported by the evidence, would support a determination that the sentence imposed is inadequate to punish the offender and protect the public from future crime pursuant to R.C. 2929.14(D)(2)(b)(i).
However, the court's finding that witness tampering made this case one of the most serious kinds of cases that we've ever had is insufficient to support the conclusion that the [prison] terms imposed are demeaning to the seriousness of the offense. R.C. 2929.14(D)(2)(b)(ii) (emphasis added). In considering whether the prison term imposed is demeaning to the seriousness of the offense, the court is required to consider a list of factors relating to the offender, the offense, or the victim, and any other relevant factors, and must decide whether the factors indicating the offender's conduct is more serious[3] outweigh factors indicating the offender's conduct is less serious[4] than conduct normally constituting the offense. R.C. 2929.14(D)(2)(b)(ii) and 2929.12(B) and (C). The offender's conduct in court proceedings is not relevant in assessing whether the prison term imposed is demeaning to the seriousness of the offense under R.C. 2929.14(D)(2)(b)(ii). Therefore, the court's finding that witness tampering made this a serious case cannot be related to the findings required by R.C. 2929.14(D)(3)(b) and2929.14(D)(2)(b)(ii) for imposing an additional term of imprisonment on a major drug offender.
There was no other evidence to support a finding that the ten-year prison term imposed on appellant for possession of cocaine would demean the seriousness of the offense. R.C. 2953.08(G)(2); 2929.14(D)(3)(b) and (D)(2)(b)(ii). The evidence at trial indicated that appellant signed for and received a package containing cocaine from a delivery service. The package was addressed to James Jones; the street address to which it was delivered was the residence of a Karen Ratliff, who had known appellant for some twenty years. We find no evidence that this conduct was either more or less serious than conduct normally constituting the offense; therefore, we clearly and convincingly find that the sentence imposed on appellant was contrary to law and reverse the court's addition of ten years to the sentence imposed upon appellant. R.C. 2953.08(G)(2)(b).
By this ruling, we do not intend to demean the seriousness of the trial court's allegation that appellant tampered with a witness. Bribery and intimidation of witnesses are separately indictable, third degree felonies subject to serious penalties in their own right. R.C. 2921.02;2921.03; 2929.14. Perjury is also a third degree felony. R.C. 2921.11. All of these crimes have a profound, invidious effect upon the administration of justice, so the trial court's alertness to the potential violation is commendable. We are confident that the court will bring the matter to the attention of the appropriate authorities for prosecution.
 II. Sentence for Possession of Criminal Tools and Failure to Comply with an Order of a Police Officer.
Appellant's third assignment of error also claims the sentence imposed upon him is contrary to law. First, appellant complains that the sentences for possession of criminal tools and failure to comply with an order of a police officer exceeded the statutory minimum. Under R.C. 2929.14(B),
 *** if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In this case, as in Edmonson, 86 Ohio St.3d 324, 328,
 Although one or more of the remarks by the trial court might be argued to support a finding that the *** minimum sentence would demean the seriousness of [the defendant's] conduct or that the public would not be adequately protected from his future crime, the trial court did not specify either of these reasons listed in R.C. 2929.14(B) as supporting its deviation from the minimum sentence ***. With this record, there is no confirmation that the court first considered imposing the minimum *** sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons.
Therefore, we must vacate the sentence imposed on counts two and three and remand for resentencing. Also see State v. Turner (Feb. 15, 2001), Cuyahoga App. No. 76940, unreported.
Appellant also argues the consecutive sentences imposed upon him were contrary to law. This argument is discussed below in connection with the second assignment of error.
 III. Consecutive Sentences.
The second assignment of error contends that the court's imposition of consecutive terms of imprisonment was contrary to law. R.C. 2953.08(A)(4) allows an appeal as of right on the ground that the sentence is contrary to law. Cf. R.C. 2953.08(C) (allowing appeal with leave of appellate court where trial court imposed consecutive sentences which, together, exceed maximum prison term allowed for most serious offense).
R.C. 2929.14(E)(4) provides that:
 (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
R.C. 2929.19(B)(2)(c) requires the court to make a finding that gives its reasons for imposing consecutive sentences. The trial court here did not make any findings or give any reasons for the consecutive sentences, either at the sentencing hearing or in its sentencing order.
Ordinarily, we would simply remand for a statement of findings and reasons on the record, in accordance with R.C. 2953.01(G)(1). However, in ruling on appellant's third assignment of error, we vacated the sentences on counts two and three as contrary to law and remanded for resentencing. Therefore, there are no consecutive sentences in effect. The court will have the opportunity to reconsider whether to impose consecutive sentences on resentencing and may make its statement of findings and reasons on the record at that time if it chooses to impose consecutive sentences.
Accordingly, we reverse the ten-year additional term on the major drug offender specification on count one. We vacate the sentences on counts two and three and remand for resentencing on those counts.
This cause is reversed in part, vacated in part and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J. and ANN DYKE, J. CONCUR
 ________________________ KENNETH A. ROCCO, JUDGE:
[1] In State v. Edmonson (1999), 86 Ohio St.3d 324, the Ohio Supreme Court considered the statutory phrase finds on the record. The court concluded that that phrase requires that the record reflect that the court engaged in the analysis and made the required finding, although it does not require that the court give its reasons for making the finding. The supreme court differentiated statutes requiring the trial court to make a finding on the record from those requiring the court at the sentencing hearing to make a finding that gives its reasons for selecting the sentence imposed:
 We discern from the difference in the language of these sections within the same chapter and on the same subject — sentencing — that had the General Assembly intended the R.C. 2929.14(B) finding to include reasons, it would have explicitly expressed that intent as it did in R.C. 2929.19(B)(2).
Edmonson, 86 Ohio St.3d at 326. We also discern that if the legislature had intended to require findings on the record to impose an additional term of imprisonment on a major drug offender, it would have explicitly expressed that intent as it did in R.C. 2929.14(B).
[2] We recognize that the statute discussed in Cyrus has changed since Cyrus was decided. However, the principle discussed in that case remains true that if the statute does not require findings on the record, no express findings are needed and we may presume from a silent record that the court made the necessary findings.
[3] Factors indicating that the conduct is more serious than conduct normally constituting the offense include: (1) whether the physical or mental condition or age of the victim exacerbated the injury caused by the defendant's conduct; (2) the victim suffered serious physical, psychological or economic harm; (3) the crime related to a public office or position of trust held by the offender; (4) the offender's occupation, profession or public office obliged him or her to prevent the offense or bring others to justice; (5) the offender's occupation, profession or public office was used to facilitate the offense or is likely to influence the conduct of others; (6) the offense was for hire or part of an organized criminal activity; and (7) the offender was motivated by race, ethnicity, gender, sexual orientation, or religion. R.C. 2929.12(B).
[4] Factors indicating the offender's conduct is less serious than conduct normally constituting the offense include: (1) the victim induced or facilitated the offense; (2) the offender acted under strong provocation; (3) the offender did not cause or expect to cause physical harm to person or property; and (4) there are substantial grounds to mitigate the offender's conduct, though not enough to constitute a defense. R.C. 2929.12(C).