OPINION
Keith Trammell appeals from his conviction in the Montgomery County Common Pleas Court for domestic violence with a prior offense for domestic violence in violation of R.C. 2919.25(A).
On May 5, 2001, Trammell got into an argument with his wife and thirteen year old daughter and struck both of them in the face leaving visible injuries. On August 1, 2001, the Montgomery County Grand Jury indicted Trammell on two counts of domestic violence with a prior conviction for the same offense. Trammell entered a plea of guilty to one count in the indictment and the other count was dismissed pursuant to plea negotiations. On October 15, 2001, the trial court sentenced Trammell to six months in prison after considering a pre-sentence report provided by the Montgomery County Probation Department.
The following occurred at Trammell's sentencing:
 "THE DEFENDANT: I want to say to the Court and family, I'm very sorry for the action I took. I learned a lot from this. And I plan for it not to happen again.
 "THE COURT: Well, unfortunately, Mr. Trammell, I'm afraid other judges have heard that before. You stood before the court on a trafficking charge in the past. You've stood before the court on domestic violence charge in the past, domestic violence don't interrupt me, sir.
"THE DEFENDANT: I'm sorry.
 "THE COURT: I will give you an opportunity to be heard again in a minute.
 "But in this instance, the violence was severe to your wife and a child of 13 or 14. There's no excuse for it. And the level of violence is escalating. You are a danger to your family.
 "Now what else is it you want me to consider, Mr. Trammell?
 "THE DEFENDANT: I didn't really have anything else for you to consider, your Honor.
 "I just some of the things that you talking about like the drug trafficking and stuff, that was a number of years ago. I'm not even that person anymore. I'm recovering from drugs and alcohol for 12 years and I haven't I been changing my life the best I know how one day at a time.
 "THE COURT: What you are overlooking is your battering of your wife and your child is serious and severe. There's no justification for it.
"THE DEFENDANT: I said I was not trying to justify
 "MS. BALLARD: Your Honor, the victim is present in court if the Court would like to hear from her anything further than what was presented in the probation report.
 "THE COURT: Did the state intend to offer a statement from the complaining witness at this time, Ms. Ballard?
"MS. BALLARD: No, your Honor.
 "THE COURT: As I said, Mr. Trammell or how do you pronounce your last name?
"THE DEFENDANT: Trammell, yes.
 "THE COURT: Trammell, I've reviewed this report, I considered everything in it. I've considered the seriousness and recidivism factors set forth in the Ohio Revised Code.
 "I note for the record this is your second felony offense. It's your second offense of violence. And I note also that one of the victims of this violence was a child, along with your wife. And I note also for the record that the violence is escalating. You pose a risk to your family and a risk to the community, therefore, any presumption for Community Control is overcome by your record and the nature of the injuries sustained by these victims.
 "It is the judgment and sentence of this Court that you be confined at the Corrections Reception Center for Men for a period of six months."
In a single assignment of error, Trammell contends the trial court abused its discretion in imposing the six month sentence on him.
Trammell contends the trial court failed to consider that he was genuinely remorseful and his work record and standing in the community. Specifically, he refers to his counsel's statements at the sentencing.
"I got a couple of letters, your Honor, specifically from the State of Ohio, the Rehabilitation Service Commission where one is from Mr. Trammell's case worker as well as one from, apparently, I believe it's Business Enterprise Specialist with the State of Ohio who operates like a cafeteria and snack bars within the court system here, in regards to Mr. Trammell and his position in what he is in charge of, in regards to that position and his history with that and they're favorable statements as well as what Mr. Trammell has done for them of which I don't believe the Probation Department has any information regarding those." (Trial Transcript, p. 10).
Trammell contends the trial court should have sentenced him to a term of community control under tight supervision. The State argues that the trial court made the necessary findings under R.C. 2929.13(B)(1) which favor a prison term for the defendant. The State notes that the trial court specifically found that Trammell caused physical harm to his victim and that he had previously been convicted of a prior offense of violence. R.C. 2929.13(B)(1)(a) and (c). In addition, the State notes that the trial court found that a prison term was consistent with the purpose and principles of sentencing set froth in R.C. 2929.11. (See Tr. 14). Further, the trial court found that Trammell was not amenable to an available community control sanction. Specifically, the trial court noted that after Trammell was convicted of domestic violence in 1996 he completed the PATH program offered by Wright State University. This program is an anger management program. The court noted that Trammell's violence was escalating since the 1996 incident, and this time his violence involved a child.
Trammell was convicted of domestic violence in violation of R.C.2919.25(A), a felony of the fifth degree. R.C. 2919.25(D). In sentencing for a fifth degree felony, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). Trammell was sentenced to the minimum prison term of six-months, which is within the statutory limits and authorized by law. R.C. 2929.14(A). Since Trammell's sentence is within the statutory limits, the burden is on him to come forward with evidence to rebut the presumption that the trial court considered the sentencing criteria. State v. Keaton (1996),113 Ohio App.3d 696; State v. Cyrus (1992), 63 Ohio St.3d 164. The State argues that Trammell failed to carry that burden and we agree with that view.
The trial court was not required to believe that Trammell was genuinely remorseful despite his protestations to the contrary. The trial court was also not required to give great weight to Trammell's work history particularly in light of the court's concerns about Trammell's escalating violent conduct and the necessity of deterring such conduct by Trammell in the future.
In summary, we can find no abuse of discretion present in Trammell's sentence. The trial court also fully complied with the statutory sentencing requirements. The assignment of error is overruled.
The judgment of the trial court is Affirmed.
GRADY, J., and YOUNG, J., concur.