JOURNAL ENTRY AND OPINION
{¶ 1} This is an appeal from an order of Judge Shirley Strickland Saffold that sentenced Rimoun (aka Ramion) Gaid to five years in prison after accepting his guilty plea to a second degree felony offense of drug possession. Gaid claims he had never before served a prison term, that the judge failed to make a proper finding under R.C. 2929.14(B) before imposing a prison sentence greater than the minimum, and that the record does not support the sentence because the judge failed to consider the appropriate factors under R.C. 2929.12. We affirm.
 {¶ 2} Gaid, then twenty-two years old, pleaded guilty to possession of drugs in violation of R.C. 2925.11(C)(1)(c), a second degree felony, waived the preparation of a presentence report, and the judge proceeded directly to sentencing. He expressed his remorse and claimed that, after an argument with his mother, he stole her prescription drugs and subsequently got caught up in a police raid at another location. He also admitted that he had been recently sentenced to a year in prison in a separate case, and that the judge in that case imposed the prison sentence instead of probation because of the indictment pending in this case. The judge then stated:
 {¶ 3} THE COURT: * * *. The Court finds that the defendant has four prior convictions for drug-related offenses. The defendant has previously been sentenced to a penal institution; that the minimum sentence would demean the seriousness of the offense, because he continues to engage in these types of offenses and, therefore, his conduct is more serious than conduct normally constituting the offense.
 {¶ 4} The judge then imposed a prison term of five years, and Gaid states a single assignment of error:
 {¶ 5} I. The Sentence Against Defendant Ramion [Sic] Gaid Should Be Reduced since the Trial Judge Failed to Act in Accordance with Ohio Revised Code Section 2929.14(b) When Determining the Sentence.
 {¶ 6} Despite the finding that the minimum sentence would demean the seriousness of the offense, Gaid argues that the judge failed to make a proper finding under R.C. 2929.14(B) because the record fails to show that she first considered imposing the minimum * * * sentence and then decided to depart from the statutorily mandated minimum based on one or both of the permitted reasons.[1] R.C.2929.14(B) states:
 {¶ 7} [I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense * * * unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.[2]
 {¶ 8} In Edmonson, the Ohio Supreme Court found that even though some of the judge's comments might have been read to support a departure from the minimum sentence, the failure to specify either of the reasons in R.C. 2929.14(B) prevented a conclusion that the judge considered and rejected the presumption of minimum sentencing.[3] In this case the judge made a specific finding, evidencing her recognition and consideration of the statute's terms. Therefore, the finding complies with R.C. 2929.14(B) and Edmonson.
 {¶ 9} Gaid also argues that the judge's departure from the minimum is not supported by the record because she failed to apply or misapplied the seriousness and recidivism factors of R.C. 2929.12 in deciding whether to depart from the minimum. He claims that he acted under strong provocation in committing the offense because he stole the drugs after having an argument with his mother, that he did not cause or expect to cause harm, had not previously been adjudicated a delinquent child, and showed genuine remorse, all factors tending to reduce the seriousness of the offense or likelihood of recidivism.[4] However, the judge explained that she departed from the minimum sentence because Gaid had four prior drug offenses and had previously been sentenced to a prison term on one of them,[5] even though that sentence apparently was recent and he might still have qualified as one who had not previously served a prison term.
 {¶ 10} These observations certainly qualify as other relevant factors under R.C. 2929.12(B) and (D) because his pattern of drug convictions indicated that his conduct had not been altered by a prior sentence. Moreover, even if not specifically listed under those divisions, the judge's statements are at least analogous to the findings under R.C. 2929.12(D)(1), which concerns offenses committed while the offender had other charges or sentences pending, and R.C. 2929.12(D)(4), concerning evidence of a pattern of drug abuse related to the offense.[6]
Finally, nothing in the record clearly and convincingly[7] shows that great weight should be attached to Gaid's mitigating factors.[8] His claims of provocation and remorse were subject to the judge's assessment of his credibility, and the lack of a prior delinquency adjudication loses importance when compared to his adult criminal history.
 {¶ 11} Unless the judge is statutorily required to make findings or state reasons on the record, a silent record still allows the presumption that a judge has considered the relevant sentencing factors.[9] Therefore, unless the record affirmatively shows a failure to consider R.C. 2929.12 or a misapplication of its factors, we will not find the sentence contrary to law.[10] The judge concluded that a longer term was necessary because Gaid continues to engage in these types of offenses and, therefore, his conduct is more serious than conduct normally constituting the offense. Her comments show findings consistent with a recognition and consideration of relevant factors under R.C.2929.12, and we do not find that the prison term requires remand or modification under any of the standards set forth in R.C. 2953.08(G). Gaid's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND TERRENCE O'DONNELL, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E), unless a motion for reconsideration with supporting brief, per App.R. 26(A) is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] State v. Edmonson, 86 Ohio St.3d 324, 328, 1999-Ohio-110,715 N.E.2d 131.
[2] This is the version that was in effect at the time of Gaid's offense, conviction, and sentencing. The statute has since been amended.
[3] Id. at 327-328.
[4] R.C. 2929.12(C)(2) and (3), 2929.12(E)(1) and (5).
[5] Although there was no presentence report and the information is not included elsewhere in the record, Gaid admitted the previous prison sentence and has not objected to the judge's characterization of his criminal history, and thus we accept it as accurate. Jackson v. Natl. Gas Oil Co. (July 22, 1980), Licking App. No. CA 2674.
[6] Even though these factors technically refer to recidivism, the judge could consider them relevant to the seriousness of the offense as well.
[7] R.C. 2953.08(G)(2).
[8] See State v. Arnett, 88 Ohio St.3d 208, 215, 2000-Ohio-302,724 N.E.2d 793 (judge has discretion in deciding what weight to apply to particular sentencing factors).
[9] See, e.g., State v. Stockwell (July 26, 2001), Cuyahoga App. No. 78501 (finding that State v. Cyrus (1992), 63 Ohio St.3d 164,166, 586 N.E.2d 94, is still applicable where the statute does not require recorded findings).
[10] State v. Flors (1987), 38 Ohio App.3d 133, 140, 528 N.E.2d 950; see, also, Stockwell, supra (subsequent witness tampering was not a factor increasing seriousness of original offense).