DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas that sentenced defendant-appellant, Aaron P. Griffin, II, to ten months incarceration after Griffin entered a plea of no contest to a reduced charge of burglary in violation of R.C. 2911.12(A)(4) and (C), a fourth degree felony. Griffin now challenges that judgment through the following assignments of error: *Page 2 
 {¶ 2} "1. Appellant's counsel provided ineffective assistance of counsel by not thoroughly advising appellant of the potential sentencing ramifications of violations of post-release or community control.
 {¶ 3} "2. The trial court erred by not informing appellant of his right to a presentence investigation and report before proceeding immediately to sentencing."
 {¶ 4} On July 5, 2006, Griffin was indicted and charged with one count of burglary in violation of R.C. 2911.12(A)(2) and (C), a second degree felony. He initially entered a plea of not guilty to the charge, but on August 15, 2006, Griffin, in open court, withdrew his not guilty plea and entered a plea of no contest to the reduced charge of fourth degree burglary. When appellant committed the burglary offense herein, he was on community control after having been previously sentenced to 23 months incarceration for another offense (Lucas County Common Pleas case No. 06-2165). After reviewing with Griffin the constitutional and other rights he was waiving by entering the plea, and allowing Griffin's counsel to make a statement on his behalf, the lower court proceeded immediately to sentencing. The court stated that it had considered the principles and purposes of sentencing set forth in R.C. 2929.11, imposed on Griffin a ten month sentence and ordered that that term be served consecutive to the sentence imposed in case No. 06-2165. The court also informed Griffin of the ramifications should Griffin subsequently be placed on post-release control and then violate the terms and conditions of that post-release control. The court then remanded Griffin to the custody of the Lucas County Sheriff to begin serving his sentence. *Page 3 
 {¶ 5} In his first assignment of error, appellant asserts that he was denied the effective assistance of counsel during the proceedings below. Specifically, appellant asserts that his trial counsel failed to thoroughly advise him of the potential effect that violating post-release control in case No. 06-2165 would have on the sentence in the present case.
 {¶ 6} The standard for determining whether a trial attorney was ineffective requires appellant to show: 1) that the trial attorney made errors so egregious that the trial attorney was not functioning as the "counsel" guaranteed appellant under the Sixth Amendment, and 2) that the deficient performance prejudiced appellant's defense. Strickland v.Washington (1984), 466 U.S. 668, 686-687. In essence, appellant must show that the proceeding, due to his attorney's ineffectiveness, was so demonstrably unfair that there is a reasonable probability that the result would have been different absent his attorney's deficient performance. Id. at 693. Furthermore, a court must be "highly deferential" and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" in reviewing a claim of ineffective assistance of counsel. Id. at 689. A properly licensed attorney in Ohio is presumed to execute his or her duties in an ethical and competent manner. State v. Hamblin (1988),37 Ohio St.3d 153, 155-156.
 {¶ 7} The record, naturally, does not reflect the advice trial counsel provided to appellant prior to appellant's entering the plea of no contest. What the record does reflect is that appellant was initially charged with second degree felony burglary. The *Page 4 
sentencing range for a second degree felony is two to eight years in prison. R.C. 2929.14(A)(2). By entering a plea of no contest to fourth degree felony burglary, appellant reduced his exposure to six to 18 months imprisonment. R.C. 2929.14(A)(4). Moreover, in accepting appellant's plea, the lower court expressly informed appellant that any sentence imposed in this case could be consecutive to any sentence he was then presently serving. Appellant stated that he understood. The record, therefore, reflects a knowing and voluntary plea. Finally, given that this appears to have been appellant's third felony offense as an adult, that all were theft or theft related offenses, and that appellant was only 19 years old at the time of the plea hearing below, we fail to see how appellant's trial counsel was ineffective in negotiating a plea that resulted in a 10 month prison term, albeit consecutive to the prior term. Appellant has therefore failed to show that his trial counsel was ineffective and the first assignment of error is not well-taken.
 {¶ 8} In his second assignment of error, appellant asserts that the trial court erred in failing to inform him of his right to a presentence investigation and report before proceeding immediately to sentencing. Appellant contends that in light of this oversight, his conviction and sentence should be reversed.
 {¶ 9} Crim. R. 32.2 reads: "In felony cases the court shall, and in misdemeanor cases the court may, order a presentence investigation and report before imposing community control sanctions or granting probation." The Supreme Court of Ohio has interpreted the former version of this rule to mean that "[a] trial court need not order a presentence report pursuant to Crim. R. 32.2(A) in a felony case when probation is not *Page 5 
granted." State v. Cyrus (1992), 63 Ohio St.3d 164, syllabus. Because the lower court did not place appellant on community control or probation in sentencing him, appellant had no right to a presentence investigation and report prior to sentence. The second assignment of error is therefore not well-taken.
 {¶ 10} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Thomas J. Osowik, J., CONCUR. *Page 1