[Cite as *State v. Hobby*, 2017-Ohio-6957.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
|     Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2017 CA 0025 |
| JASON R. HOBBY | |
|     Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:    Criminal Appeal from the Court of Common Pleas, Case No. 2016 CR 0338


JUDGMENT:    Affirmed


DATE OF JUDGMENT ENTRY:    July 24, 2017


APPEARANCES:

For Plaintiff-Appellee

GARY BISHOP
PROSECUTING ATTORNEY
JOSEPH C. SNYDER
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio 44902

For Defendant-Appellant

WILLIAM C. FITHIAN, III
111 North Main Street
Mansfield, Ohio 44902

*Wise, John, J.*

{¶1} Appellant Jason R. Hobby appeals the sentence imposed on him by the Richland County Common Pleas Court following a guilty plea to one count of Possession of Heroin.

{¶2} Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} On June 14, 2016, Appellant Jason R. Hobby was indicted on one count of possession of heroin, in violation of R.C. §2925.11 (A) and (C)(6)(a), a felony of the fifth degree.

{¶4} On December 20, 2016, Appellant entered a plea of guilty to the charge.

{¶5} On January 18, 2017, after Appellant failed to show for sentencing, a bench warrant was issued for his arrest.

{¶6} Appellant was located and sentencing occurred on February 22, 2017. The trial court sentenced Appellant to twelve (12) months in prison, three years discretionary post-release control, and $40 in restitution to the crime lab. Trial counsel objected to the maximum sentence (T. at 20).

{¶7} Appellant now appeals, assigning the following error for review:

{¶8} "I. THE TRIAL COURT'S SENTENCE OF TWELVE MONTHS ON A FIFTH DEGREE FELONY IS CONTRARY TO LAW AND IS REVERSIBLE ERROR."

## I.

{¶9} In his sole Assignment of Error, Appellant claims his sentence is contrary to law. We disagree.

{¶10} Initially we note that pursuant to R.C. §2953.08(A)(1), Appellant is entitled to appeal as of right the maximum sentence imposed on his conviction.

{¶11} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. §2929.11 and the seriousness and recidivism factors set forth R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

{¶12} R.C. §2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. §2929.11(B).

{¶13} R.C. §2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the purposes and principles of sentencing set forth in R.C. §2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶14} In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court

severed the judicial-fact-finding portions of R.C. §2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶11, *citing Foster* at ¶100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

{¶15} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶13, *see also State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

{¶16} Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0025, 2006–Ohio–4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

{¶17} There is no requirement in R.C. §2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431(4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006–Ohio–1469, at ¶60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992); *State*

*v. Hughes,* 6th Dist. No. WD–05–024, 2005–Ohio–6405, ¶10 (trial court was not required to address each R.C.§ 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006–Ohio–1342, ¶19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶18}** A review of the record shows that, prior to imposing sentence, the trial court heard statements and reviewed evidence concerning both the seriousness of Appellant's conduct and Appellant's risk of recidivism. The trial court heard evidence that Appellant had positive drug screens while he was out on bond, two in August and two in October. (T. at 16). The court also heard evidence that appellant failed to report to pretrial release after the first day and further failed to make any of the required payments. *Id.* The trial court also considered the fact that a bench warrant had to be issued when Appellant failed to show for sentencing. *Id.* The trial court also considered the charges Appellant had pending in Ashland County and had been to prison on two previous cases in 2010 and 2011. (T. at 17). The trial court stated that Appellant's actions and criminal history were such that a consecutive sentence with the pending Ashland County case would have been warranted to protect the public and punish the offender. *Id.*

**{¶19}** We find that the sentence of twelve (12) months was within the statutory guidelines for a felony of the fifth degree. R.C. §2929.14(A)(5). Given Appellant's extensive criminal record, his continued criminal behavior despite being incarcerated on two different occasions, and Appellant's positive drugs screens, and failure to remain in contact with pretrial services or appear for sentencing, the trial court was justified in

imposing the maximum sentence of twelve (12) months for Appellant's conviction for Possession of Heroin. Therefore, the trial court did not impose an excessive sentence.

**{¶20}** Accordingly, we find that the trial court considered the purposes and principles of sentencing [R.C. §2929.11] as well as the factors that the court must consider when determining an appropriate sentence. [R.C. §2929.12]. The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

**{¶21}** Upon a thorough review, we find the record clearly and convincingly supports the sentence imposed by the trial court. We find the trial court properly considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in R.C. §2929.11, as well as the applicable factors set forth in R.C. §2929.12, along with all other relevant factors and circumstances. While Appellant may disagree with the weight given to these factors by the trial judge, the sentence of twelve (12) months was within the statutory sentencing range for a fifth-degree felony, and therefore, we have no basis for concluding that it is contrary to law.

**{¶22}**  Appellant's Assignment of Error is denied.

**{¶23}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, John, J.

Gwin, P. J., and

Baldwin, J., concur.

JWW/d 0713