[Cite as *State v. Bradley*, 2017-Ohio-8155.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. Patricia A. Delaney, P. J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J. |
| | Hon. John W. Wise, J. |
| -vs- | |
| | Case No. 2017 CA 0033 |
| HENDRICK J. BRADLEY | |
| | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  2016 CR 0432


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      October 10, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

GARY BISHOP                               WILLIAM C. FITHIAN, III
PROSECUTING ATTORNEY                      111 North Main Street
JOSEPH C. SNYDER                          Mansfield, Ohio  44902
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

{¶1}   Appellant Hendrick J. Bradley appeals the sentence imposed on him by the Richland County Common Pleas Court following a guilty plea to one count of Possession of Heroin.

{¶2}   Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3}   On August 10, 2016, Appellant Hendrick J. Bradley was indicted on one count of aggravated possession of drugs, in violation of R.C. §2925.11(A) & (C)(1) and one count of possession of heroin, in violation of R.C. §2925.11 (A) and (C)(6)(a), both felonies of the fifth degree. Both counts also contained a forfeiture specification.

{¶4}   On December 12, 2016, Appellant entered a plea of guilty to the charge of possession of heroin and a sentencing hearing was scheduled for January 18, 2017. The aggravated possession charge was dismissed.

{¶5}   On January 18, 2017, Appellant failed to show for sentencing and a bench warrant was issued for his arrest. During this time, Appellant was charged with new felonies involving drugs and weapons. A warrant was also issued for him out of Hamilton County for a probation violation.

{¶6}   Appellant was eventually located and sentencing occurred on March 15, 2017. The trial court sentenced Appellant to twelve (12) months in prison, three years discretionary post-release control, and $80 in restitution to the crime lab. Trial counsel objected to the maximum sentence (T. at 22).

{¶7}   Appellant now appeals, assigning the following error for review:

## ASSIGNMENT OF ERROR

{¶8} "I. THE TRIAL COURT'S SENTENCE OF TWELVE MONTHS ON A FIFTH DEGREE FELONY IS CONTRARY TO LAW AND IS REVERSIBLE ERROR."

**I.**

{¶9} In his sole Assignment of Error, Appellant claims his sentence is contrary to law. We disagree.

{¶10} Initially we note that pursuant to R.C. §2953.08(A)(1), Appellant is entitled to appeal as of right the maximum sentence imposed on his conviction.

{¶11} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law as long as the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. §2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016–Ohio–5234, ¶ 10, 16.

{¶12} R.C. §2929.11(A) governs the purposes and principles of felony sentencing and provides that a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing, which are (1) to protect the public from future crime by the offender and others, and (2) to punish the offender using the minimum sanctions that the court determines will accomplish those purposes. Further, the sentence imposed shall be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes by similar offenders." R.C. §2929.11(B).

{¶13} R.C. §2929.12 sets forth the seriousness and recidivism factors for the sentencing court to consider in determining the most effective way to comply with the

purposes and principles of sentencing set forth in R.C. §2929.11. The statute provides a non-exhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶14} In *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, 896 N.E.2d 124, the court discussed the effect of the *State v. Foster*, 109 Ohio St.3d 1, 2006–Ohio–856, 845 N.E.2d 470 decision on felony sentencing. The court stated that in *Foster* the Court severed the judicial-fact-finding portions of R.C. §2929.14, holding that "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." *Kalish* at ¶ 1 and ¶ 11, *citing Foster* at ¶ 100, *See also, State v. Payne*, 114 Ohio St.3d 502, 2007–Ohio–4642, 873 N.E.2d 306; *State v. Firouzmandi*, 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823.

{¶15} "Thus, a record after *Foster* may be silent as to the judicial findings that appellate courts were originally meant to review under 2953.08(G)(2)." *Kalish* at ¶ 12. However, although *Foster* eliminated mandatory judicial fact-finding, it left intact R.C. 2929.11 and 2929.12, and the trial court must still consider these statutes. *Kalish* at ¶ 13. *See also, State v. Mathis*, 109 Ohio St.3d 54, 2006–Ohio–855, 846 N.E.2d 1; *State v. Firouzmandi supra* at ¶ 29.

{¶16} Thus, post-*Foster*, "there is no mandate for judicial fact-finding in the general guidance statutes. The court is merely to 'consider' the statutory factors." *Foster* at ¶ 42. *State v. Rutter*, 5th Dist. No. 2006–CA–0033, 2006–Ohio–4061; *State v. Delong*, 4th Dist. No. 05CA815, 2006–Ohio–2753 at ¶ 7–8. Therefore, post-*Foster,* trial courts are still required to consider the general guidance factors in their sentencing decisions.

**{¶17}** There is no requirement in R.C. §2929.12 that the trial court states on the record that it has considered the statutory criteria concerning seriousness and recidivism or even discussed them. *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist. 1995); *State v. Gant,* 7th Dist. No. 04 MA 252, 2006–Ohio–1469, at ¶ 60 (nothing in R.C. 2929.12 or the decisions of the Ohio Supreme Court imposes any duty on the trial court to set forth its findings), citing *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94(1992); *State v. Hughes,* 6th Dist. No. WD–05–024, 2005–Ohio–6405, ¶ 10 (trial court was not required to address each R.C.§ 2929.12 factor individually and make a finding as to whether it was applicable in this case), *State v. Woods,* 5th Dist. No. 05 CA 46, 2006–Ohio–1342, ¶ 19 ("... R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors"). (Citations omitted).

**{¶18}** A review of the record shows that, prior to imposing sentence, the trial court heard statements and reviewed evidence concerning both the seriousness of Appellant's conduct and Appellant's risk of recidivism.

**{¶19}** The trial court heard evidence that Appellant had a prior criminal history which included convictions for trafficking in heroin, possession of drug paraphernalia, falsification, disorderly conduct and unlawful restraint. (T. at 18). The trial court also considered the presentence investigation and the fact that Appellant failed to report on pretrial supervision and had active warrants out of Hamilton County for a probation violation. (T. at 18-19). The trial court also took into consideration Appellant's failure to appear at the scheduled sentencing hearing and the bench warrant that was issued as a result. In addition, the trial court considered the fact that Appellant was arrested again

prior to his sentencing in this case. (T. at 19). The new charges included possession of heroin and cocaine, possession of three firearms, one of which was found to have been stolen, and three counts of having weapons while under disability. Had Appellant already been serving a sentence, the trial court said it would have ordered the sentences to run consecutively. (T. at 21). The trial court found that his criminal history was such that a consecutive sentence would have been warranted to protect the public and punish the offender. *Id.*

{¶20} We find that the sentence of twelve (12) months was within the statutory guidelines for a felony of the fifth degree. R.C. §2929.14(A)(5).

{¶21} Based on the above considerations, given Appellant's extensive criminal record, his continued criminal behavior while out on bond, and failure to remain in contact with pretrial services or appear for sentencing, we find the trial court was more than justified in imposing the maximum sentence of twelve (12) months for Appellant's conviction for Possession of Heroin. Therefore, the trial court did not impose an excessive sentence.

{¶22} Accordingly, we find that the trial court considered the purposes and principles of sentencing [R.C. §2929.11], as well as the factors that the court must consider when determining an appropriate sentence. [R.C. §2929.12]. The trial court has no obligation to state reasons to support its findings, nor is it required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.

{¶23} Upon a thorough review, we find the record clearly and convincing supports the sentence imposed by the trial court. We find the trial court properly considered the

purposes and principles of sentencing and the seriousness and recidivism factors as required in R.C. §2929.11, as well as the applicable factors set forth in R.C. §2929.12, along with all other relevant factors and circumstances. While Appellant may disagree with the weight given to these factors by the trial judge, the sentence of twelve (12) months was within the statutory sentencing range for a fifth-degree felony, and therefore, we have no basis for concluding that it is contrary to law.

**{¶24}** Appellant's sole Assignment of Error is denied.

**{¶25}** Accordingly, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

By: Wise, J.

Delaney, P. J., and

Hoffman, J., concur.

JWW/d 0928