[Cite as *State v. Hicks*, 2021-Ohio-2437.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                           Court of Appeals No. L-20-1198

      Appellee                                      Trial Court No.  CR0202001870

v.

Leonard Hicks, Jr.                                **DECISION AND JUDGMENT**

      Appellant                                     Decided:   July 16, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Grant Kozy, Assistant Prosecuting Attorney, for appellee.

Autumn D. Adams, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Appellant, Leonard J. Hicks, Jr., appeals the judgment entered by the Lucas
County Court of Common Pleas on November 16, 2020, sentencing him to a term of 24
months in prison.

## Statement of the Case and Facts

{¶ 2} On July 29, 2020, appellant was indicted on a charge of domestic violence, in violation of R.C. 2919.25(A) and (D)(1), a felony of the third degree. According to Toledo police reports, on April 13, 2020, at approximately 1:30 a.m., Toledo police responded to a call for menacing. The victim told police that she and appellant, her live-in boyfriend, were arguing inside of their residence. The verbal argument escalated, and appellant struck her with a closed fist in her left eye. The victim also told police that appellant strangled her twice, and that she was unable to breathe and thought she was going to die. She further reported that appellant took her cell phone and prevented her from calling 911. Officers observed that the victim's left eye was swollen, and that she had bruises on her chin, throat, chest, and arms. Appellant reported that he had been drinking with friends, and that his drink was spiked with the drug ecstasy. He stated that he was babysitting the victim's children, when she came home and an argument ensued between them. Appellant stated that he destroyed some property in the house, and then passed out. When he awoke, he found himself choking the victim.

{¶ 3} On August 25, 2020, appellant entered a plea of not guilty, and the trial court set a trial date for October 19, 2020. On October 19, 2020, the trial court continued the case for trial on November 2, 2020. During the interim period, the state and appellant negotiated a plea agreement, and, on October 30, 2020, appellant entered a plea of guilty to the indictment, with a recommendation by the state for a sentencing cap of eighteen-months in prison. After explaining to appellant that the court did not have to accept the

2.

state's sentencing recommendation and that appellant could face as many as 36 months in prison on the offense, in addition to a period of three years of post-release control, the trial court accepted the guilty plea, ordered a pre-sentence investigation, and scheduled sentencing for November 16, 2020.

{¶ 4} At sentencing, the trial court did not accept the state's recommended sentencing cap, and instead sentenced appellant to 24 months in prison. Prior to sentencing, appellant's trial attorney offered the following in mitigation:

Mr. Hicks did take responsibility for his actions. * * * [The Correctional Treatment Facility] has a domestic violence program that will benefit him. * * * He does have a long record, but it's mainly misdemeanors and I think this would be his third adult felony.

Appellant stated on his own behalf:

I just want to apologize to [the victim] and her kids, to my family, to myself. I just wish I could take that night back and I could ask you to just give me a chance. It's not who I want to be. I'm not going to be that person. I ask you to be lenient.

{¶ 5} The trial court stated that it reviewed the presentence investigation report, noting appellant's five prior domestic violence convictions, his five prior protection order convictions, the numerous times he had been placed on probation, and his prior engagement in domestic violence related programming. The court stated, "It doesn't

3.

seem to have worked[;] [t]here is a lifetime of three felonies not including what we have today and 36 misdemeanors, 35 of which are on the defendant's adult record."

{¶ 6} The court relevantly stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced the seriousness, recidivism and other relevant factors under R.C. 2929.12.

{¶ 7} Appellant timely appealed and presents the following assignment of error:

Appellant's sentence should be vacated due to the Trial Court's failure to comply with the principles and purposes of sentencing pursuant to R.C. 2929.11 and R.C. 2929.12.

**Law and Argument**

{¶ 8} In his sole assignment of error, appellant argues that his sentence is contrary to law because the trial court did not properly consider the purposes of felony sentencing under R.C. 2929.11 or appropriately weigh the seriousness and recidivism factors under R.C. 2929.12 when it decided his sentence.

{¶ 9} This court, in *State v. Buck*, 6th Dist. Wood No. WD-20-03, 2021-Ohio-1073, recently set forth the law governing this court's review of felony sentences, as follows:

We review felony sentences under R.C. 2953.08(G)(2). *State v. Goings*, 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20. In *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15, we recognized that a sentence is not clearly and convincingly contrary to law

4.

for purposes of R.C. 2953.08(G)(2)(b) where the trial court has considered the purposes and principles of sentencing in R.C. 2929.11 and the seriousness and recidivism factors listed in R.C. 2929.12, properly applied postrelease control, and sentenced the defendant within the statutorily-permissible range. The burden is on the appellant to identify clear and convincing evidence in the record that their sentence was erroneously imposed. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 6.

Importantly, however, the Ohio Supreme Court has made clear that "neither R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, —— N.E.3d ——, Slip Opinion No. 2020-Ohio-6729, ¶ 20. In fact, the trial court's consideration of the factors set forth in R.C. 2929.11 and 2929.12 is presumed even on a silent record. *State v. Clinton*, 153 Ohio St.3d 422, 2017-Ohio-9423, 108 N.E.3d 1 (2017); *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94, 95 (1992). An appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *Jones* at ¶ 39, 41-42.

*Id.* at ¶ 6-7.

{¶ 10} Here, appellant argues that he has "shown by clear and convincing evidence that he is amenable to placement at [the Correctional Treatment Facility] rather than prison" and that the trial court "failed to comply with the purposes and principles of sentencing and failed to properly weigh the mitigating factors." Specifically, he claims that the trial court failed to consider his expression of remorse and his request that the trial court "help him get his life together through addiction treatment and mental health treatment." Appellant argues that had the trial court properly weighed the seriousness and recidivism factors in R.C. 2929.12, it would have determined that a term of community control, with orders to continue his addiction treatment, mental health treatment, and domestic violence education, was the appropriate sentence. Appellant further argues that the sentence he proposes would be the "best way to protect the public from future crime by Appellant, to punish Appellant and to promote effective rehabilitation," and would also be "cheaper for state and local resources than a prison sentence." Thus, appellant suggests, the sentence that he proposes would better achieve the purposes and principles of sentencing under R.C. 2929.11 than does the sentence that was imposed by the trial court.

{¶ 11} In essence, appellant is requesting this court to make an independent determination as to whether the record supports his sentence under R.C. 2929.11 and 2929.12. But, as the Supreme Court of Ohio made clear in *Jones*, R.C. 2953.08(G)(2) does not permit an appellate court to "independently weigh the evidence in the record and

6.

substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. Because we cannot second-guess the trial court's application of R.C. 2929.11 and 2929.12, appellant's assignment of error is found not well-taken.

{¶ 12} Accordingly, we affirm the judgment of the Lucas County Court of Common pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.           _____
                                              JUDGE
Thomas J. Osowik, J.         

Christine E. Mayle, J.           _____
CONCUR.                                      JUDGE

                                  _____
                                              JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.

7.