[Cite as *State v. Dangerfield*, 2021-Ohio-2791.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WILLIAMS COUNTY

State of Ohio

Appellee

v.

Ryan K. Dangerfield

Appellant

Court of Appeals No.  WM-20-010

Trial Court No.  19CR000156

**DECISION AND JUDGMENT**

Decided:  August 13, 2021

* * * * *

Katherine Zartman, Williams County Prosecuting Attorney, for appellee.

Karin Coble, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from an October 22, 2020 judgment of the Williams

County Court of Common Pleas, sentencing appellant, Ryan K. Dangerfield, to an

indefinite term of incarceration, ranging from a minimum term of eleven years to a

maximum term of sixteen and one-half years, following appellant's negotiated guilty plea

to one amended count of voluntary manslaughter, in violation of R.C. 2903.03(A), a

felony of the first degree. In exchange, five additional felony offenses pending against appellant were dismissed. All cases arose from the stabbing death of a 23-year-old man on June 23, 2019. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant sets forth the following sole assignment of error:

"The trial court's imposition of the maximum sentence is excessive."

{¶ 3} The following undisputed facts are relevant to this appeal. Appellant, as reflected through his own admissions in the underlying proceedings and also through his criminal history, has been involved in an array of serious criminal activities for over two decades.

{¶ 4} On the night of June 23, 2019, appellant was in the parking lot of the Colonial Manor Motel located in Bryan, Ohio. Multiple other people were present and many were likewise involved in criminal activities.

{¶ 5} Appellant perceived that the 23-year-old male victim had financially wronged appellant in connection to unlawful drug activities. Appellant confronted the victim in the parking lot, stabbed him with blunt force directly in the heart, and killed him.

{¶ 6} Appellant initially maintained that he had been attempting to retreat at the time of the incident. However, the event was captured on videotape and reflected that appellant's initial retreat claims were untrue.

2.

{¶ 7} In July, 2019, appellant was indicted on one count of murder, in violation of R.C. 2903.02(A), an unclassified felony, one count of murder, in violation of R.C. 2903.02(B), an unclassified felony, two counts of felonious assault, in violation of R.C. 2903.11(A), both felonies of the second degree, one count of carrying a concealed weapon, in violation of R.C. 2923.12(A), a felony of the fourth degree, and one count of engaging in a pattern of corrupt activity, in violation of R.C. 2923.32(A), a felony of the first degree.

{¶ 8} On September 14, 2020, a jury trial commenced. Subsequent to jury selection, but prior to opening statements, the parties negotiated a plea agreement.

{¶ 9} Pursuant to the plea agreement, appellant pled guilty to one amended count of voluntary manslaughter, in violation of R.C. 2903.03(A), a felony of the first degree. In exchange, the five remaining felony offenses were dismissed. A presentence investigation was ordered.

{¶ 10} On October 22, 2020, the case proceeded to sentencing. At sentencing, the prosecution noted that on the night of June 23, 2019, appellant killed the 23-year-old victim with a single stab directly into the victim's heart. The prosecution emphasized appellant's history of violent offenses and the corresponding danger to the public represented by that history.

{¶ 11} The prosecution also noted appellant's evolving version of events during the course of this case; ranging from first claiming that he was at the hotel to help get an addicted friend off of drugs, to later claiming the killing was in self-defense as he feared

3.

being "pimped out" at the hotel by some of his criminal associates, to ultimately conceding that he was present at the motel in connection to his drug dealing activities.

{¶ 12} The record reflects that appellant felt that the victim had "ripped him off" in relation to their drug trafficking activities. In response, appellant stabbed him forcefully in the heart, killing him. The victim bled out in the arms of his mother, who was likewise present at the motel.

{¶ 13} The trial court heard victim impact statements from the victim's sister, the victim's cousin, and also a videotaped statement from the victim's mother. Subsequently, appellant gave a perplexing and incongruous statement in mitigation on his own behalf.

{¶ 14} Appellant paradoxically thanked the local police for doing, "a great job" investigating appellant's own crimes. Appellant then told the victim's mother that he was "sorry for what happened to her son." Appellant next presented himself as a co-victim, along with the victim's mother, stating to her, "We both have to live with the sadness the rest of our lives."

{¶ 15} In the context of appellant's lengthy history of drug offenses and violent offenses, the brutal nature of the stabbing death of the victim, and the compelling need to protect the public from appellant, the trial court sentenced appellant to a lawful, indefinite term of incarceration, ranging from a minimum term of eleven years to a maximum term of sixteen and one-half years. This appeal ensued.

4.

{¶ 16} In the sole assignment of error, appellant maintains that his sentence is excessive and should be reversed. We do not concur.

{¶ 17} The scope of appellate felony sentencing review is set forth in R.C. 2953.08(G)(2). As held by this court at ¶11 in *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, "[A]n appellate court may increase, reduce, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly finds either * * * that the record does not support the sentencing court's [applicable statutory] findings * * * [or] is otherwise contrary to law."

{¶ 18} In support of the assignment of error, appellant summarily concludes that, "his demonstrated remorse should have been given more mitigating weight." Appellant further argues that the trial court should have imposed a sentence that would, "have the least impact on state resources." We do not concur.

{¶ 19} We note that appellant concedes that the trial court imposed a sentence that was lawfully within the statutory range established by R.C. 2929.14(A)(1)(a). We further note that none of the R.C. 2953.08 (G)(2)(a) required statutory findings apply to the instant matter so as to arguably refute the sentence on that basis. Consistently, appellant presents no such arguments.

{¶ 20} We have carefully reviewed and considered this matter in order to determine the propriety of appellant's challenge to the sentence imposed.

5.

{¶ 21} The record reflects that on June 23, 2019, appellant forcibly stabbed to death the victim in the parking lot of a motel in connection to criminal activities in which appellant himself was directly involved. The event was captured on videotape.

{¶ 22} The record reflects that appellant possesses a lengthy criminal history, including multiple past drug offenses and offenses of violence. The record reflects that the challenged sentence falls within the permissible statutory sentencing range and was not imposed on the basis of required statutory findings not supported by the record.

{¶ 23} Appellant asserts that his expression of remorse at the sentencing hearing should have been give more weight by the trial court in fashioning a sentence under R.C. 2929.11(A).

{¶ 24} Appellant also maintains that the trial court somehow considered possible "gang" involvement in the sentence, contrary to his own admission that the record is devoid of any such consideration. Appellant unilaterally claims that the circumstances show that the offense is not likely to reoccur, a consideration under R.C. 2929.12( E)(4).

{¶ 25} However, the Ohio Supreme Court has made clear that an appellate court may not independently weigh the evidence and substitute its judgment for that of the trial court regarding the appropriate sentence under R.C. 2929.11 and 2929.12, nor may it modify or vacate a sentence under R.C. 2953.08(G)(2)(b) based on the lack of support in the record for the trial court's findings under those statutes. *State v. Hicks*, 6th Dist. Lucas No. L-20-1198, 2021-Ohio-2437, ¶ 9, citing *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 31.

6.

{¶ 26} Appellant has failed to present evidence demonstrating that the subject sentence was unlawful or reversible on any basis. Accordingly, we find that the sentence imposed in this case was lawful, and was not otherwise improper.

{¶ 27} On consideration whereof, we find appellant's assignment of error not well-taken. The judgment of the Williams County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____
JUDGE

Thomas J. Osowik, J. _____

Christine E. Mayle, J. _____
CONCUR. JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.