[Cite as *State v. Davis*, 2024-Ohio-905.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DEVIN ANTHONY DAVIS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 MA 0064**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2022 CR 00348

**BEFORE:**
Carol Ann Robb, Mark A. Hanni, Judges and
William A. Klatt, Retired Judge of the Tenth District Court of Appeals,
Sitting by Assignment.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Gina DeGenova,* Mahoning County Prosecutor*, Atty. Edward A. Czopur,* Assistant
Mahoning County Prosecutor for Plaintiff-Appellee and

*Atty. Martin Yavorcik*, for Defendant-Appellant.

Dated: March 11, 2024

**Robb, P.J.**

{¶1} Defendant-Appellant Devin Anthony Davis appeals from a jointly recommended sentence, which the trial court imposed immediately after accepting Appellant's guilty plea to rape and child endangering. As part of the plea negotiation, the state agreed to amend the rape count so Appellant could avoid a life sentence. Nevertheless, Appellant contends his defense attorney rendered ineffective assistance of counsel by failing to request a presentence investigation (PSI) prior to sentencing. For the following reasons, Appellant's conviction and sentence are upheld, and the trial court's judgment is affirmed.

STATEMENT OF THE CASE

{¶2} On September 1, 2022, Appellant was indicted on one count of rape for engaging in sexual conduct with a child under 13 years of age. R.C. 2907.02(A)(1)(b) (which applies "whether or not the offender knows the age of the other person"). The offense was alleged to have occurred earlier that year when the child was 12 years old and Appellant was 32 years old. Rape is a first-degree felony, but a rape under division (A)(1)(b) carries life as the maximum portion of the indefinite sentence. R.C. 2907.02(B), citing R.C. 2971.03.

{¶3} Appellant was also indicted for child endangering for being a person with control of a minor who created a substantial risk to the child's health or safety by violating a duty of care, protection, or support. R.C. 2919.22(A), (E)(1) (naming the offense "endangering children"). As the violation resulted in serious physical harm to the child, this offense was a third-degree felony. R.C. 2919.22(E)(2)(c).

{¶4} Appellant agreed to plead guilty to child endangering and an amended charge of rape under division (A)(2) of R.C. 2907.02. With the amendment, the rape offense became a standard first-degree felony with a maximum sentence of 11 to 16.5 years. R.C. 2907.02(B); R.C. 2929.14(A)(1)(a). As part of the plea, the parties agreed to jointly recommend a sentence of 10 to 15 years in prison for rape with a concurrent sentence for the child endangering charge.

{¶5} During the standard plea colloquy, the defense acknowledged Appellant was a Tier 3 sex offender, the registration requirements were reviewed and signed by

Case No. 23 MA 0064

Appellant, and Appellant was informed of the mandatory five-year period of post-release control, which was also set forth in the written plea agreement. (Tr. 3-4, 14-15). The parties mutually asked the court to proceed to sentencing immediately without ordering a PSI. (Tr. 21).

{¶6} At the sentencing portion of the hearing, the state stood by the plea agreement. Recognizing the court was not bound by the agreement to amend the rape count or impose the suggested sentence and acknowledging the court could impose a maximum sentence and/or consecutive sentences, defense counsel and the defendant spoke about certain circumstances regarding the victim in order to convince the court the agreed sentence was appropriate.

{¶7} The trial court imposed the jointly recommended sentence by sentencing Appellant to 10 to 15 years for rape with a concurrent sentence of 36 months for child endangering. (10/27/22 J.E.). The within appeal followed.

ASSIGNMENT OF ERROR

{¶8} Appellant's assignment of error provides:

"Trial counsel's failure to request a pre-sentence investigation was ineffective."

{¶9} Ineffective assistance of counsel arguments require the defendant to meet his burden of showing both deficient performance and resulting prejudice. *State v. Carter*, 72 Ohio St.3d 545, 557, 651 N.E.2d 965 (1995), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). If there was no prejudice, then there is no need to review whether the performance was deficient and vice versa. *State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000). "There is no reason for a court deciding an ineffective assistance claim * * * to address both components of the inquiry if the defendant makes an insufficient showing on one. * * * The object of an ineffectiveness claim is not to grade counsel's performance. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989), quoting *Strickland*, 466 U.S. at 697.

{¶10} In evaluating the deficiency prong of the test, the defendant must show "a substantial violation" of defense counsel's "essential duties" to the client under an objective standard of reasonableness. *Bradley*, 42 Ohio St.3d at 142. To find ineffective

assistance of counsel, the appellate court must conclude the defendant's trial attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant" by the constitution, without second-guessing tactical decisions or being influenced by hindsight's distorting effects. *Strickland*, 466 U.S. at 687, 689. Our review is highly deferential to counsel's performance as there is a strong presumption counsel's conduct falls within the wide range of reasonable professional representation. *Bradley*, 42 Ohio St.3d at 142.

{¶11} On the prejudice prong, the defendant must show there is a reasonable probability the result of the proceedings would have been different but for the deficient performance; a reasonable probability is one "sufficient to undermine confidence in the outcome." *Id.* Lesser tests of prejudice have been rejected: "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* at 142, fn. 1, quoting *Strickland*, 466 U.S. at 693. Prejudice from defective representation justifies reversal only where the results were unreliable or the proceeding was fundamentally unfair due to the performance of trial counsel. *Carter*, 72 Ohio St.3d at 558, citing *Lockhart v. Fretwell*, 506 U.S. 364, 369, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).

{¶12} In felony cases, the trial court is only required to order a PSI before imposing community control or probation; even then, a PSI is not required if the parties agree to waive it. Crim.R. 32.2; R.C. 2953.21(A)(1). "If probation is not at issue, the rule does not apply." *State v. Cyrus*, 63 Ohio St.3d 164, 166, 586 N.E.2d 94 (1992) (pointing out the defendant was not eligible for probation because one of his convictions was for rape). Here, Appellant entered an agreement calling for a joint recommendation of a *prison* sentence, and he was not eligible for probation due to his guilty plea to rape (as specified in the written plea agreement as well). R.C. 2929.13(F)(2) ("the court shall impose a prison term * * * for * * * Any rape, regardless of whether force was involved and regardless of the age of the victim").

{¶13} Moreover, where a defendant argued his attorney should have requested a presentence investigation before sentencing, we pointed out Crim.R. 32.2 did not require a presentence investigation. *State v. Palmer*, 7th Dist. Jefferson No. 04-JE-41, 2006-Ohio-749, ¶ 105. We also concluded: "appellant has not alleged any prejudice. He has

failed to explain what mitigating factors a presentence report might reveal that would cause the court to give him a lesser sentence." *Id.* Under such circumstances, the argument set forth by Appellant essentially asks the reviewing court, with no evidence in the record, to assume a PSI would have produced additional information to convince the trial court to impose a more favorable sentence. *See State v. McWay*, 3d Dist. Allen No. 1-17-42, 2018-Ohio-3618, ¶ 27 (while noting counsel represented the defendant in the past).

**{¶14}** Even more notably, Appellant's counsel negotiated a jointly recommended sentence as part of a plea agreement to a lower rape charge to avoid a life sentence. The defense asked the court to immediately impose the recommended 10 to 15 year sentence on the amended rape charge with a concurrent sentence on the child endangering charge, and the court agreed with the joint recommendation of the parties.

**{¶15}** Where an agreed sentence is imposed, an argument on the failure to request a PSI is the equivalent of an argument contesting the imposition of the jointly recommended sentence. *State v. Melendez*, 6th Dist. Wood No. WD-07-052, 2008-Ohio-3839, ¶ 15. A sentence is not subject to appellate review if the sentence "has been recommended jointly by the defendant and the prosecutor in the case, and is imposed by the sentencing judge." R.C. 2953.08(D)(1). In a similar situation, the Sixth District cited this statutory prohibition, pointed out the defendant specifically asked the court to accept the joint sentencing recommendation, and concluded the sentence was not subject to appellate review. *Melendez*, 6th Dist. No. WD-07-052 at ¶ 15. In any event, the Sixth District held defense counsel did not render ineffective assistance by the mere failure to request a PSI. *Id.*, citing *State v. Berch* 7th Dist. Mahoning No. 91-CA-222 (Aug. 25, 1993).

**{¶16}** Furthermore, in the case at bar, the court was provided with what the defense believed was mitigating information. While acknowledging the statute on sexual conduct with a child under 13 specifically excluded a mistake of age defense for the indicted rape charge, counsel pointed to his personal observation of the child rape victim. Counsel said the child did not look 12 years old while making comments about her physique, tattoos, and piercings. The defense also pointed to the child allegedly lying

about her age, her employment at a bar when Appellant met her, and her subsequent sexual encounter with another male. (Tr. 24-27).

{¶17} Defense counsel, who was retained before the case even reached the common pleas court, noted he raised these mitigation arguments to the prosecution during the plea negotiations, which began before indictment. Counsel essentially indicated he investigated the existence of mitigating factors. He then used the mitigation argument he formulated and successfully urged the trial court to adopt the joint recommendation of 10 to 15 years with a concurrent sentence on the other offense, rather than exercise discretion to impose a maximum sentence of 11 to 16.5 years with the potential for a consecutive 36-month sentence on the other offense.

{¶18} The strategy of the defense was to encourage the court's acceptance of the negotiated plea to an amended non-life rape charge with a non-maximum, non-consecutive sentence. A tactical defensive decision was clearly made to jointly ask the court to proceed immediately to sentencing without an optional PSI. There is not even a hint of deficient performance here. Moreover, the record contains no sign Appellant was prejudiced by the defense's decision to ask the court to forgo the non-required PSI and to proceed immediately to sentencing. In other words, there is no indication the PSI would have elicited favorable information about these current offenses or Appellant's past.[1] Appellant's ineffective assistance of counsel argument is without merit. This assignment of error is overruled.

{¶19} For the foregoing reasons, Appellant's conviction and sentence are upheld, and the trial court's judgment is affirmed.

Hanni, J., concurs.

Klatt, J., concurs.

---

[1] In fact, we note that after the trial court imposed the jointly recommended sentence, a prior offense was disclosed when the parties discussed jail time credit on the record. In explaining why Appellant was not entitled to credit in this case for his jail time, both sides agreed he was originally arrested on a probation violation in his 2020 criminal case (and was then convicted of the probation violation and sentenced to 12 months in prison, which term he had not yet completed). (Tr. 33-35).

Case No. 23 MA 0064

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Mahoning County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## <u>NOTICE TO COUNSEL</u>

**This document constitutes a final judgment entry.**