[Cite as *State v. Singer*, 2024-Ohio-2893.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| TIMOTHEE L. SINGER, | : | Case No. CT2024-0011 |
| | : | CT2024-0012 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County Court of Common Pleas, Case Nos. CR2023-0490 and CR2023-0816


JUDGMENT:      Affirmed


DATE OF JUDGMENT:      July 31, 2024


APPEARANCES:

For Plaintiff-Appellee      For Defendant-Appellant

RON WELCH
Prosecuting Attorney
Muskingum County, Ohio
27 North Fifth St., P.O. Box 189
Zanesville, Ohio 43702

CHRIS BRIGDON
8138 Somerset Rd
Thornville, Ohio 43076

*Baldwin, J.*

{¶1}   The appellant appeals his conviction following his pleas of guilty pursuant to a negotiated plea agreement, and the imposition of sentence consistent with that which was jointly recommended by the parties. Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND THE CASE

{¶2}   On August 2, 2023, the appellant was indicted in Muskingum County Court of Common Pleas Case Number CR2023-0490 on the following charges: (1) Failure to Comply with an Order or Signal of a Police Officer in violation of R.C. 2921.331(B) and (C)(5)(a)(ii), a third degree felony; (2) Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a fifth degree felony; (3) Possession of a Fentanyl-Related Compound in violation of R.C. 2925.11(A) and (C)(11)(d), a second degree felony; (4) Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a fifth degree felony; and, (5) Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and (C)(1)(a), a fifth degree felony, with a specification for forfeiture of money in a drug case pursuant to R.C. 2941.1417(A). The appellant was represented by counsel, and on August 9, 2023, entered a plea of not guilty to all charges and requested a jury trial.

{¶3}   On December 21, 2023, the appellant was indicted in Muskingum County Court of Common Pleas Case Number CR2023-0816 on the following charges: (1) Falsification in violation of R.C. 2921.13(A)(3) and (F)(1), a first degree misdemeanor; (2) Aggravated Trafficking in Drugs in violation of R.C. 2925.03(A)(2) and (C)(1)(d), a second degree felony; (3) Aggravated Possession of Drugs in violation of R.C. 2925.11(A) and (C)(1)(c), a second degree felony; (4) Possession of a Fentanyl-Related Compound in violation of 2925.11(A) and (C)(11)(a), a fifth degree felony; and, (5) Illegal Use or

Possession of Drug Paraphernalia in violation of R.C. 2925.14(C)(1) and (F)(1), a fourth degree misdemeanor.

**{¶4}** The parties entered into a negotiated plea agreement in Case Number CR2023-0490, filed with the trial court on December 21, 2023, in which the appellant agreed to plead guilty to Count 1, Failure to Comply, a third degree felony; Count 2, Theft, a fifth degree felony; Count 3, Possession of Fentanyl-Related Compound, a second degree felony; and Count 5, Possession of Drugs (Bromazelam), a fifth degree felony. The appellee moved to dismiss Count 4 in Case Number CR2023-0490, which the trial court granted.

**{¶5}** In addition, the parties entered into a negotiated plea agreement in Case Number CR2023-0816, filed with the trial court on December 21, 2023, in which the appellant agreed to plead guilty to Count 2, Aggravated Trafficking in Drugs (Methamphetamine), a second degree felony. The appellee moved to dismiss Counts 1, 3, 4, and 5 in Case Number CR2023-0816, which the trial court granted.

**{¶6}** The trial court conducted a change of plea and sentencing hearing in both cases on December 21, 2023. The appellant appeared before the trial court with counsel, at which time he pleaded guilty to the charges in cases CR2023-0490 and CR2023-0816 as outlined above. The trial court engaged in the requisite Crim.R. 11 colloquy regarding the appellant's plea on all counts.

**{¶7}** Specifically, the appellant pleaded guilty to the following charges in Case Number CR2023-0490:

- Count 1: Failure to Comply, a third degree felony;
- Count 2: Theft > $1,000, a fifth degree felony;

- Count 3: Possession of Fentanyl-Related Compound > 10 grams, a second degree felony; and,

- Count 5: Possession of Bromazolam, a fifth degree felony.

**{¶8}** The joint sentencing recommendation for Case Number CR2023-0490 was 36 months on Count 1; 12 months on Count 2; 2 years on Count 3; and 12 months on Count 5. All counts were to run consecutively, for total of 7 years.

**{¶9}** In addition, the appellant pleaded guilty in Case Number CR2023-0816 to Count 2, Aggravated Trafficking in Methamphetamine, a third degree felony, the joint sentencing recommendation for which was 36 months, consecutive to the 7 years to which the appellant was sentenced in Case Number CR2023-0490.

**{¶10}** The aggregate joint sentencing recommendation between the two cases was 10 years. Further, the parties stipulated to the findings for maximum and consecutive sentences, acknowledging that an agreement was arranged to arrive at the 10-year joint recommendation.

**{¶11}** The trial court sentenced the appellant as follows. In CR2023-0490, the court ordered forfeiture of seized cash, and ordered that count 4 be dismissed. Further, the court imposed the following prison terms:

- Count 1: 36 months

- Count 2: 12 months

- Count 3: 2 years

- Count 5: 12 months

The court further ordered that all sentences in CR2023-0490 run consecutively.

**{¶12}** With regard to the sentence in Case Number CR2023-0816, the court ordered that Counts 1, 3, 4, 5, and 6 be dismissed; and, as to Count 2, ordered a 36 month sentence to run consecutive to the sentence in CR2023-0490. The total aggregate sentence was 10 years. This is the precise sentence that was jointly recommended by the by the parties following their negotiated plea agreement.

**{¶13}** Further, following a careful review of the record, the appellant's post release control time was terminated, and ordered to run "mandatory consecutive" to the 10 year sentence. The additional PRC time, pursuant to statute, was not described in the plea agreement prior to the plea of guilty. However, the trial court specifically addressed PRC time with the appellant on the record prior to accepting his plea of guilty in the following exchange:

COURT: ... And are you currently on any form of probation, parole, community control sanctions, anything like that?

THE DEFENDANT: (Nods affirmatively.)

THE COURT: What are you on?

THE DEFENDANT: I'm on PRC.

THE COURT: PRC. You understand by entering your plea of guilty here today that could possibly be used against you in a violation of your post-release control?

THE DEFENDANT: Yes, Your Honor.

THE COURT: If your post-release control is terminated, then any time you have remaining must, by law, be served consecutively to any sentence you receive.

THE DEFENDANT: Yes.

{¶14} The appellant's guilty plea and trial court's sentence was memorialized in both cases in Entries dated December 28, 2023.

{¶15} The appellant filed a timely pro se appeal in both CR2023-0490 and CR2023-0816. He was thereafter appointed appellate counsel, who filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which he set forth the following potential assignment of error:

> THIS BRIEF IS SUBMITTED IN ACCORDANCE WITH LOCAL RULE 9(G) AND PURSUANT TO *ANDERS V. CALIFORNIA*, 386 U.S. 738 (1967). COUNSEL HAS CAREFULLY EXAMINED THE FACTS AND MATTERS CONTAINED IN THE RECORD ON APPEAL AND HAS RESEARCHED THE LAW IN CONNECTION THEREWITH AND HAS CONCLUDED THAT THE APPEAL DOES NOT PRESENT A NONFRIVOLOUS LEGAL QUESTION. IN REACHING THIS CONCLUSION, COUNSEL HAS THOROUGHLY READ THE RECORD AND HAS EXAMINED THE RECORD FOR ANY ARGUABLE VIOLATIONS OF THE CONSTITUTION, OHIO STATUTES, THE OHIO RULES OF CRIMINAL PROCEDURE, THE OHIO RULES OF EVIDENCE, AND THE OHIO SENTENCING GUIDELINES.

## STANDARD OF REVIEW

{¶16} The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes that the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the

record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶17} Attorney Chris Brigdon, counsel for appellant, moved to withdraw in the March 13, 2024, Brief of Appellant and March 25, 2024, Amended Brief of Appellant pursuant to *Anders*, informing this Court that he had conducted a review of the entire record and determined that there were no viable issues which would support an appeal, and requesting that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal. Counsel further certified in the March 25, 2024, Amended Brief of Appellant that he served a copy of the Amended Brief upon the appellant at the Noble Correctional Institution, 15708 McConnosville Rd., Caldwell, OH 43724.

{¶18} In addition, we informed the appellant in a March 26, 2024, Judgment Entry, sent to him via certified mail, that the Court received notice that he had been informed by his attorney that an *Anders* brief was filed on his behalf and provided notice that supplied the appellant with a copy. In addition, we granted the appellant sixty days from the date of the entry to file a pro se brief in support of the appeal. The appellant has not filed pro se brief.

{¶19} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders.* Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. 'An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal.' *State v. Pullen,* 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury,* 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman,* 2005-Ohio-2511, ¶ 16-17 (2nd Dist.)." *State v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.).'" *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

## ANALYSIS

{¶20} The appellant entered into a negotiated plea agreement, pleading guilty to the agreed upon charges and receiving the sentence that had been jointly recommended by the parties. The trial court engaged in the requisite Crim.R. 11 colloquy prior to accepting his guilty plea as outlined above, and sentenced him to the jointly recommended sentence, which was within statutory parameters.

{¶21} R.C. 2953.08(D)(1) states that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." In this case, the sentence jointly recommended by the parties and imposed by the trial court was within the statutory parameters for the offenses at

issue, and therefore was authorized by law. As was recently stated by the court in *State v. Davis*, 2024-Ohio-905 (7th Dist.):

> A sentence is not subject to appellate review if the sentence "has been recommended jointly by the defendant and the prosecutor in the case, and is imposed by the sentencing judge." R.C. 2953.08(D)(1). In a similar situation, the Sixth District cited this statutory prohibition, pointed out the defendant specifically asked the court to accept the joint sentencing recommendation, and concluded the sentence was not subject to appellate review. *Melendez*, 6th Dist. No. WD-07-052 at ¶ 15. In any event, the Sixth District held defense counsel did not render ineffective assistance by the mere failure to request a PSI. *Id.*, citing *State v. Berch* 7th Dist. Mahoning No. 91-CA-222 (Aug. 25, 1993).

*Id.* at ¶ 15.

**{¶22}** The appellant entered into a negotiated plea agreement with the appellee in which he agreed to plead guilty to a number of the charges set forth in the indictments, the appellee agreed to dismiss a number of the charges, and the parties jointly recommended a sentence. The trial court imposed the sentence that was jointly recommended by the parties, and which was within statutory sentencing parameters. Accordingly, this matter is not subject to appeal. Furthermore, the record does not support an argument that the appellant's trial counsel was ineffective.

**CONCLUSION**

**{¶23}** Based upon the foregoing, after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Brigdon's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Muskingum County Court of Common Pleas is hereby affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.